### KNIGHT, as Receiver, v. WATERS *et al.*

1. APPEAL BOND. When W., J. and K., being parties defendant to a proceeding in chancery, severally appealed from the decree of the District Court therein, and on the hearing of the cause in the Supreme Court, the decree as to W. was affirmed; the Court, by its final decree, finding the amount due from him to his co-defendants larger than was found in the decree below, and ordering the amount so found due to be paid to a receiver, instead of the plaintiff, as was ordered by the decree below; and the decree below was reversed, as to the other defendants; it was held, that the sureties of W., upon his appeal bond, were not discharged by the decree in the Supreme Court.

*Appeal from Dubuque District Court.*

MONDAY, DECEMBER 21.

IN the year 1857, Levi, Karrick & Jones were engaged as partners in mining. In that year Levi became dissatisfied, filed his bill in equity, in the District Court of Dubuque County, for a dissolution and a settlement of the partnership account. Thomas Waters was made a party defendant, and it was sought to charge him as a debtor to the said partnership. A decree was entered in the District Court, by which it was adjudged that Karrick and Jones were indebted to Levi, in a certain sum named, being a balance due from them on a settlement. It was likewise adjudged that Thomas Waters was indebted to the part-

nership of Karrick, Levi & Jones, in the sum of $633.89, and that as the proportion of the said Karrick and Jones in the sum thus due from Waters would not be more than sufficient to pay the amount due from them to Levi, as above stated, it was ordered that Waters should pay the amount of his indebtedness to the firm to Levi.

From the judgment against him Waters appealed to this Court, and, as security on the appeal, gave a bond signed by himself, with the defendant, Pratt, as his surety.    Karrick and Jones also appealed from the judgment against them, in favor of Levi.    The appeal of Waters, as well as that of Karrick and Jones, was heard in this Court.    It was found by this Court that Waters was indebted to said firm in the sum of $985.99 ;. that Kerrick and Jones were not indebted to Levi, as found in the court below; that instead of said Waters paying the amount of his said indebtedness to said Levi, as ordered by the court below, it was ordered that he should pay the amount thereof to the firm of Karrick, Levi & Jones, or the plaintiff, who was appointed receiver, and authorized by this Court to sue for and collect, in his own name, the amount of such indebtedness.

The cause now before this Court is the suit of the receiver, on the appeal bond of Waters, he having refused to pay the judgment of this Court against him.    A demurrer was filed by defendant, which being sustained, plaintiff appeals.

*T. M. Monroe, J. M. Griffith* and *W. J. Knight* for the appellant.

*Allison & Crane* and *D. E. Lyon* for the appellee.

BALDWIN, Ch. J.—Two questions are raised by the defendant's demurrer: 1st. Whether the facts stated in the petition show a breach of the bond ; and 2d. Whether the plaintiff can maintain the suit in this own name.    In other words, can the defendants in this suit claim that because

the judgment in favor of Levi, against the other members of the firm, was reversed, that Waters is released upon his bond, notwithstanding the fact the judgment against him was affirmed. It does not appear that any objections were raised by Waters, in the Levi suit, as to the right of Levi to compel Waters to account for the amount of his indebtedness to the firm, or to obtain a judgment for the amount due the said firm. This suit of Levi's was of a twofold character: to settle the partnership, and to recover for the firm the amount due from Waters. Two appeals were taken, one by Waters, and the other by Karrick and Jones. Waters did not appeal to contest the right of the partnership, or of Levi, for them, to recover, but the amount of the indebtedness was the burden of his complaint. It will be recollected that the suit of Levi against his partners was of an equitable character, and to settle the rights of the partners. The Court had the power to render such judgment as it thought right and proper, either for or against any of the partners. It was for a debt due the firm that the judgment against Waters was rendered. The Court had also the power to direct to whom Waters should pay. While, therefore, the bond was given to Levi by defendants, it was to secure a debt due the firm, and either partner was interested in Waters' appeal. If it was found, on appeal, that Waters was indebted to the firm, it made no difference to him to which partner it directed him to pay the judgment, as this order or judgment, if paid, would be a bar to the right of either member of the firm to again recover.

The counsel of appellee are correct in their position, that the rights of sureties should be strictly guarded and that in case of doubt, the construction of bonds should be favorable to the obligor. At the same time the real intention of the parties must control such construction, if it can reasonably be arrived at from the reading of the contract in con-

nection with the surrounding circumstances. The condition of the defendants' bond was to pay any judgment rendered against Waters in the cause of *Levi* v. *Karrick and Jones*, in the Supreme Court. The reversal of the judgment in favor of Levi did not change Waters' rights in the least. It made him none the more or less liable to the firm. The judgment against him was affirmed, and the order of the Court, directing his judgment to be paid to the members of the firm, or to the plaintiff, as their receiver, does not prejudice his rights or that of his sureties.

The demurrer should have been overruled.

Reversed.