## McHenry v. Sypher.

1. CHANCERY PRACTICE: TRANSFER.  A cause can not be transferred under § 2617 of the Revision of 1860, from the law to the chancery docket before issue is joined and it is shown upon the face of the pleadings that the defense is equitable in its character.
2. SAME.  Where the court, upon the motion of the defendant in an action of right, and upon a showing that the petition in a chancery proceeding then pending between the same parties on the chancery side disclosed an equitable defense to the action of right, transferred such action to the chancery docket and consolidated the actions, without further pleading by either party, it was held that the ruling was erroneous.

*Appeal from Polk District Court.*

MONDAY, JANUARY 13, 1862.

THE facts are stated in the opinion of the court.

*McHenrys* for the appellant.

*C. C. Nourse and C. C. Cole* for the appellee.

LOWE, J.—This was an action of right, and in the court below the defendant moved to transfer the same to the equity docket, and consolidate it with the cause in equity entitled *R. W. Sypher* v. *A. L. Robertson and M. D. McHenry & W. H. McHenry*, defendants; alleging in substance that before this suit had been instituted, he had filed his petition in equity to set aside the sale of the identical property in controversy made by the trustee, and to cancel and set aside the deed under which the plaintiff in this action claims title to the property in controversy.  The motion further stated that the same questions are involved in this cause which are involved in said action in equity, and that the defendant must and would make for his answer to the petition in this case the same statements and averments made in his petition in the case aforesaid in equity; that the statements of said petition, so far as made from his own knowledge, are

true, and those made upon his information and belief he verily believes to be true ; and finally in transferring and consolidating this, with the equity cause aforesaid, the defendant's petition in that case may be taken and considered as the answer to this, and that both causes be tried together and full relief granted.

This motion was sworn to, sustained, and the transfer made as asked; from which order the plaintiff appeals, alleging as the chief ground of error, that the order for the transfer and consolidation was premature and could not be properly made until an issue had been made in this case.

We first remark, that this clearly does not fall within the description of cases contemplated by § 2980 of the Revised Code.  Nor does it fall within the purview of § 2616, for that section was intended to cover a class of cases which had been commenced on the law side of the docket as ordinary suits, but which, by the facts disclosed upon their face, are shown to be of an equitable character, to be prosecuted on the equity rather than on the law side of the docket. This case is not of this description, for it is clearly an action of right to recover the possession of land.   There is nothing upon its face that is of an equitable nature.

The Revision of 1860, however, contemplates still another class of cases, and that is where an equitable defense is set up to an ordinary suit at law.   In such a case the defendant is entitled to have the issue tried as in cases of equitable proceedings, according to the provisions of § 2617. When the court is satisfied from an inspection of the pleadings, that the defense does partake of this character, it will, upon application, transfer it to the chancery docket.

This section requires that the issue shalll be made, in order that the court can be able to determine intelligently whether the defense is of an equitable nature, and for that reason to grant the application.   It was upon this last named section of the Code that the motion in the case at bar

was made. ' It is not pretended that the defendant had pleaded any defense in writing in this particular case; but he states in his motion that before this suit was instituted, he had commenced a suit in equity to set aside the very title upon which the plaintiff bases his claim to recover in his action of right, and asks that when the case is transferred and consolidated, that the petition in his case shall be taken and considered as an answer to the plaintiff's cause of action. It will be perceived at a glance that, when this motion is granted and the cause transferred, that then, and not till then, does the petition in chancery become an answer to the plaintiff's petition. This is making up the issue after the parties get within the equity jurisdiction of the court. Then for the first time would the plaintiff have an opportunity of raising the question, whether the issue made by the defendant is of an equitable character or not; and we suppose he would have the right somewhere, in some jurisdiction, to challenge the answer on this point. He had not that right in a court of law; for the petition in chancery was never filed in this court as a pleading or in any other way brought before that court, so far as the present record shows. If, then, he exercises this right in a court of equity, and should succeed in convincing the chancellor that the defense set up could very properly be tried in a court of law, we suppose he would be graciously handed back again to the tender mercies of that jurisdiction. It is claimed that this is simply a question of practice addressed to the discretion of the court, which ought not perhaps to be reviewed. If so, it is one of *legal* discretion, which ought to be exercised in accordance with, and not against, the requirements of the statute. We think it reviewable, and in reviewing it, we prefer to adopt a rule that shall be within the plain and obvious intent and meaning of the Code.

The order, therefore, will be

Reversed.