## ROSIÉRZ v. VAN DAM.

1. EJECTMENT: EQUITABLE DEFENSE. An equitable defense may, under section 2880 of the Revision of 1860, be interposed in a proceeding at law to recover the possession of real estate.

2. PRACTICE: MORTGAGE: DEFEASANCE. The owner of real estate conveyed the same by an absolute deed to a creditor to secure the payment of a sum of money borrowed, taking a separate defeasance back, stipulating that he should retain the possession and use of the premises conveyed until the maturity of the debt. In an action, commenced before the maturity of the last installment, to recover the possession under the deed, it was held, that the stipulation in the defeasance constituted a good defense to the action, and could be asserted without a transfer of the cause to the chancery docket.

3. SAME: CASE MODIFIED. The conclusion of the court in *Sypher* v. *McHenry*, 12 Iowa, 585, is approved; but the correctness of some suggestions therein, made in reference to practice, under the Revision of 1860, is doubted.

*Appeal from Mahaska District Court.*

FRIDAY, APRIL 22.

As this cause involves a rule of practice, not yet fully settled in this State, the condition of the pleadings and the facts should be stated with some particularity.

The action is one of right, in which the plaintiff seeks, under the ordinary formula, to recover the title and possession of several tracts of land therein described, amounting in the aggregate to two hundred and eighty acres. The defendant, Steinberger, is in possession of the premises simply as lessee under Van Dam, and in his answer discloses the name of his landlord, and virtually disclaims any interest therein other than that of a tenant. Van Dam, in his original and amended answers and exhibits thereto attached, sets up, in substance, the following facts:

That the plaintiff's deed for the land in controversy was given, and intended to be a mortgage, to secure the payment of money loaned; that in the years 1859 and 1860, at two different times, he borrowed of the plaintiff $1,710; that on the 1st of August, 1860, by adding 20 per cent on this amount, he raised the same to $2,000. For this amount the defendant gave four promissory notes of five hundred dollars each, payable in one, two, three and four years, with ten per cent interest; that to secure the payment of these notes, the defendant conveyed to plaintiff, by deed, the land now in controversy; and the plaintiff executed back to him a title bond, stipulating to recover said land on the payment of said notes; that he has paid on said debt various sums, at different times, amounting in the aggregate to $682.25; that by the terms of the bond aforesaid defendant was to hold possession, pay taxes, keep up repairs, and enjoy the rents and profits until the last note fell due, being the 1st day of August, 1864.

After overruling a motion made by the defendant, to transfer this cause to the chancery docket, it was tried by the Court upon the issues above made. The facts found and entered of record by the Court, at the hearing, were substantially the same as those set forth in Van Dam's answer; but the Court found for the plaintiff, holding that an equitable title was no defense against a legal one in an

action at law to recover possession, following the case of *Page* v. *Cole*, 6 Iowa, 153; and after overruling a motion for a new trial, awarded to the plaintiff his writ of restitution and immediate possession of the premises. The defendant appeals.

*C. C. Cole*, with whom was *H. P. Scholte*, presented the case to the Court in an oral argument for the appellant, in which he cited *Bosley* v. *Mattingly*, 14 B. Monr., 91; *Smith* v. *Maberly and Wife*, 15 Id., 73; *Petty* v. *Malier*, Id., 591.

*Seevers & Williams* for the appellee, relied upon *Page* v. *Cole*, 6 Iowa, 153.

LOWE, J.—Legitimately, under the case as stated and facts found, two questions only are presented:

First. Whether, in a proceeding at law to recover the possession of land, an equitable defense may be interposed? and

Secondly. If so, whether the one set up in this case, as to matter and form, is sufficient in equity to bar the plaintiff's recovery?

The first of these questions is answered affirmatively by the express language of the sixth clause of section 2880 of the Revision of 1860, which reads as follows: "The defendant may set forth in his answer as many causes of defense, set-off, counterclaim, or cross-demand, whether legal or equitable, as he may have. This is substantially the provision of the New York, Ohio and Kentucky Revised Statutes; and in those states the courts, in construing the same, have definitely settled the question, that the defendant may plead a purely equitable defense to a legal cause of action. *Hinman* v. *Judson*, 13 Barb., 629; *Dobson* v. *Pearce*, 2 Ker., 166; *Foot* v. *Sprague*, 12 How., 355; *Hunt* v. *Farmers' Loan and Trust Company*, 18 How., 418; Van Santvoord's Treat. on the principles of pleading in civil

actions, under the New York Code of Procedure, 505–509; *Hill and Wife* v. *Butler*, 6 Ohio St. R., 207 ; *Richardson* v. *Bates*, 8 Id., 257 ; Swan's Plead. and Prac., 257 ; *Jones* v. *Letcher*, 13 B. Monr., 365 ; *Bosley* v. *Mattingly*, 14 Id., 99 ; *Dorsey* v. *Reese*, 14 Id., 157–349 ; *Smith* v. *Maberly*, 15 Id., 73 ; *Foster* v. *Watson*, 16 Id., 387 ; *Bates* v. *Culver*, 17 Id., 167.

The general tenor of these authorities is, that the defendant can now avail himself of any equitable defense which was formerly available by an application to a court of chancery, and which we understood to include all matters which would authorize a court of equity to grant relief, against a legal liability, but which, at law, could not have been pleaded in bar. Not only so, but that in an action strictly, legal, the defendant may have positive or affirmative relief for matter purely equitable, in a case properly stated, by way of a counterclaim or cross-demand ; for instance, in an action to recover real estate, if the defendant has an equitable title to the land, and has done what is requisite to entitle him to a deed, he may, in setting up such equity, ask that his title be perfected by a conveyance ; and so also, in such an action the defendant may state in his answer, by way of counterclaim, a contract to convey the real estate, and ask a specific performance. It was evidently the intention of the legislature, that controversies respecting the subject matter of the litigation should be determined in one action ; and the provision in regard to equitable defenses in law actions is well adapted to give effect to that intent ; for, where is the necessity, or what is the propriety of bringing an action, merely for the purpose of restraining the prosecution of another action in the same court? We cannot overlook the fact, that under our judiciary system, the functions of the courts of common law and of equity, are united in the same tribunal, and we are to suppose that this tribunal is just as compe-

tent to pass upon the equitable rights of a party, when drawn in question in a law case, as it would, if the same rights or questions were involved in a distinct or separate proceeding on the chancery side of his docket.

It is not, perhaps, essential to extend remarks upon the above clause of the Code, in relation to equitable defenses in law actions. It is plain that the commissioners appointed to draw up the provisions of our new procedure intended that it should be understood and construed according to the exposition herein given, as will quite clearly appear from a comment made on this subject, in their report on the Civil Code, page 343; also in a note appended to 4177 of the Revision of 1860, respecting certain limitations on actions for the recovery of real property, which reads as follows:

"This would allow an equitable defense, set-off, counterclaim, or cross-demand. So in an action to obtain possession of land, an equitable defense might be made, or a counterclaim or cross-demand, equivalent to the former bill, for specific performance."

II. In considering the second question proposed, it will be observed that the answer sets up a fact, quite controlling in its character, namely: that by the terms of the contract the defendant was to hold possession, and enjoy the usufruct until final forfeiture, which has not yet occurred. The transaction was simply this: the defendant, Van Dam, owed the plaintiff $2,000, money borrowed. To secure the payment of this sum, he made a deed of his farm, absolute upon its face, to the plaintiff, and took back from him a defeasance, at the same time, on a separate paper, which being parts of the same transaction, the two papers constitute a mortgage, in equity, as essentially as if the two had been united in a single conditional deed or mortgage, in the usual form; and their rights really are no other than those of ordinary mortgagors and mortgagees.

Whether a deed thus absolute in form, accompanied with a condition of defeasance stipulated and expressed upon a separate paper, but both being parts of one and the same transaction, should be construed as an ordinary mortgage as to its legal effect upon the relative rights of the parties, or otherwise, it is not important for us now to determine. It is enough for our purpose that we find in the writing of defeasance, which had been executed, delivered and made a part of the deed itself, an express stipulation to the effect that the use and possession of the mortgaged premises should remain in the defendant during the time in which the money was to be paid. That time has not yet expired. Now, this fact, set up in the defendant's answer, is altogether irreconcilable with the plaintiff's right to recover, and unless it is available to him as a defense to an action at law, he must be turned out of possession, against the plainest principles of justice, or be driven by a circuity of action to enforce or protect his acknowledged rights under the contract in a Court of Chancery. But the fact that a Court of Chancery would afford him relief under the circumstances stated, proves the sufficiency of the defense, when set up as such in an action at law, equitable though it be, according to our present theory or system of practice.

In the case of *Page* v. *Cole*, 6 Iowa, 153, this Court held that an equitable could not be set up against a legal title. The same principle or rule of practice was followed in the cases of *Harmon* v. *Steinman*, 9 Iowa, 112; *Farley, Norris & Co.* v. *Goocher*, 11 Id., 570; *Abbott* v. *Chase*, 13 Id., 453; *Allyn* v. *Johnson*, Id., 604. The first three of these cases arose under the Code of 1851, and the decision made therein, was in harmony with the established rules of practice as they existed under that Code and the old practice. Whether the last two cases arose under the Code of 1851 or the Revision of 1860, we have no means of determining in the absence of the original papers, but if under

the latter, the question of the change made therein was not raised or considered by the Court, which simply followed the previous rulings on this subject. But the question is now fairly made in a case arising under the Revision of 1860, which has made many new changes and rules in the administration of remedial justice, and which should be carried out and enforced according to the fair intent of the same. Among these is the provision allowing equitable defenses to be pleaded in ordinary law suits.

With reference to the manner such defences when made, are to be treated and disposed of, we have to say, that in all such cases, the equitable defense will be preliminary to the plaintiff's cause of action, and addressed to the court; not involving ordinarily any change of forum, in order to settle the ultimate rights of the parties. Undoubtedly a change of forum would be authorized, when the facts disclosed in the plaintiff's petition are greatly involved, and in the nature of the redress sought, would properly invoke the equity rather than the law jurisdiction of the court. In such case, if commenced as an ordinary action, a transfer to the equity docket would be ordered, and so, where the case has been commenced as an equitable suit, and the facts show that it should have been docketed as a law action, the transfer will be ordered. But we suppose in a law action, where an equitable defense is pleaded, it will be an issue to the *court*, first to be disposed of. If it should turn out to be a sham plea, or unfounded in other respects, the plaintiff's action will be before the proper tribunal for adjudication. We have already said that the same tribunal is clothed with law and equity powers, and we are unable to understand why the court, in its legal capacity, may not try a compound issue of law and equity, as well as it could try the same issue under its chancery jurisdiction. Indeed, a law forum would have this advantage, whilst it possesses the chancery jurisdiction to deter-

mine for itself the equitable issue, it would have at its disposal a jury to determine whatever issues of facts may be involved in the law part of the action. It is proper here to remark, that the decision or conclusion arrived at in the case of *Sypher* v. *McHenry*, 12 Iowa, 585, is right and fully approved, yet the opinion itself may contain some suggestions in relation to the rule of practice which we have just been discussing, that will not altogether harmonize with the one which we now lay down after more mature deliberation.

For the reasons above stated, we think that the court below did not err in refusing to transfer the cause to the equity docket, because of the equitable defense which had been pleaded, but the error consisted in holding from the facts found, that the defense was insufficient and unavailable to the defendant in a court of law.

Under the circumstances of the case, the judgment should have been for the defense, and the same is

Reversed.

WRIGHT, C. J.—In this case the defendant was fully heard in his equitable defense in the court below, and all question as to whether his motion, to transfer the same to the equity docket, should have been sustained, becomes, therefore, entirely immaterial, and as a consequence, all that is said in the foregoing opinion on this subject, and of the proper practice under the Revision of 1860, might well have been omitted. Deeming its discussion unnecessary, I only wish now to say, that I am not prepared to concur in the views expressed by a majority of the judges taking part in its examination. I had heavy doubts as to the correctness of the position assumed. I have no time to investigate and present at length my reasons for these doubts. The questions are too important, and involve too extended an inquiry, for me, at present, to enter upon their discussion. I

thus express my non-concurrence and leave the case for further examination when the question shall properly arise.

COLE, J., having been of counsel, took no part in the determination of this case.