# STATE OF IOWA;

## DES MOINES, DECEMBER TERM, A. D. 1864.

IN THE TWENTIETH YEAR OF THE STATE.

---

PRESENT:

HON. GEORGE G. WRIGHT, CHIEF JUSTICE.
   "   RALPH P. LOWE, ⎫
   "   JOHN F. DILLON,  ⎬ JUDGES.
   "   CHESTER C. COLE, ⎭

---

## BYERS v. RODABAUGH.

1. **Action of right:** FORM OF. In a proceeding for the recovery of real property, the petition was in the ordinary form, but concluded with a prayer asking "judgment against the said defendant, establishing and confirming in and to said plaintiff an estate in fee simple in the whole of said land; the immediate possession thereof, and determining and quieting the question of the title thereof, and for said sum of five hundred

dollars above demanded, and costs:" *Held*, that the court did not err in overruling a motion to transfer said cause to the chancery docket.

2. Pleadings: DEMURRER. A demurrer will not lie to a pleading, on the ground that the prayer may ask relief to which the averments of the pleading would not entitle the party pleading.

3. —— LAW AND EQUITY. The question whether a proceeding should have been at law instead of equity, cannot be raised by demurrer.

4. Practice: TRANSFER OF CAUSES. The right to have a cause transferred from one docket to another, arises *only* when the plaintiff has brought his action by the wrong proceedings, and is not absolute even in all such cases.

5. —— SHOWING OF DEFENSE. Where a plaintiff has brought his action by equitable instead of ordinary proceedings, the defendant cannot have the same transferred to the ordinary docket without showing that his answer presents a defense on which he is entitled to a trial by jury.

6. —— TRIAL OF ISSUES. While a defendant cannot have an action properly commenced by either ordinary or equitable proceedings transferred to the other docket, he has the absolute legal right to have the issues arising in the action, tried in the manner provided for the trial of issues in the class, either legal or equitable, to which they properly belong.

7. —— TRIAL OF EQUITABLE DEFENSE. A defendant in an action by ordinary proceedings may set up an equitable defense thereto, and sustain the same by evidence. Where an equitable defense is not triable by the second method, or the issue is not ordered to be tried by a jury for the purpose of informing the conscience of the court, it is more regular to try the equitable issues first, and, if after their determination, other issues remain for trial, then proceed to the determination of the same in the method prescribed for the trial thereof.

8. Evidence OF TITLE. In actions for the recovery of real property, it is sufficient for the plaintiff, in proving title, to trace the same back to the defendant, or to a point at which the defendant is estopped from denying the validity of the same.

*Appeal from Jefferson District Court.*

THURSDAY, OCTOBER 6.

ACTION for the recovery of real property. Trial by jury; verdict and judgment for plaintiff, from which defendant appeals. The further necessary facts are stated in the opinion of the court.

*Negus & Culbertson* for appellant.

*John W. Thompson* for appellee.

COLE, J.—I. The petition is in the ordinary form for the recovery of real property, but concludes by asking "judgment against the said defendant, establishing and confirming in and to said plaintiff, an estate in fee simple in the whole of said land; the immediate possession thereof, and determining and quieting the question of the title thereof, and for said sum of five hundred dollars above demanded, and costs." The defendant moved to transfer the cause to the chancery docket, and for a continuance thereof, "for the reason that the plaintiff's petition asks for equitable relief, and was not commenced sixty days before the commencement of this term of the court." This motion was overruled by the court, and the defendant now assigns the same as his first error. A judgment, as in an ordinary action, that the plaintiff recover possession of the property (to which he claims and shows himself entitled absolutely), together with damages for detention as assessed by the jury, &c., amounts in legal effect, as between the parties to this suit, to all that is asked for in the prayer of the petition. The plaintiff having shown no other cause for the transfer than that arising from the prayer of the petition, it was not error to overrule the motion.

*1. ACTION OF RIGHT: form of.*

II. The defendant then demurred to the petition, because the plaintiff by it sought both legal and equitable remedies. This demurrer was overruled, and defendant excepted, and now assigns the same as error.

*2. PLEADINGS: demurrer.*

The Revision, § 2876, prescribes the causes for demurrer, and it ought to be sufficient to say that the causes assigned for the demurrer in this case are not embraced within the statute, for none other are available. Howard's

Byers v. Rodabaugh.

N. Y. Code (1860), § 145, page 244; *Royce* v. *Brown*, 3 Howard's Pr. Rep., 391; *Manchester* v. *Stones*, 3 Id., 410. But, aside from the statute it is clear, alike upon principle and authority, that a demurrer will not lie to a pleading simply because it may ask relief to which its averments would not entitle the pleader. *Beale* v. *Hays*, 5 Sandf., 640; *Andrews* v. *Shaffer*, 12 How. Pr. Rep., 441; *Hecker* v. *Degroot*, 15 How. Pr. Rep., 314; *Witherhead* v. *Allen*, 28 Barb. S. C., 661. Under our Code, a demurrer

3. —— Law and equity. is not applicable to the question, whether the proceeding should have been at law or in equity. *Trustees of Lebanon* v. *Forrest, &c.*, 15 B. Mon., 172; Stanton's Ky. Code, § 120, page 76; *Conyngham* v. *Smith et al.*, 16 Iowa, 471. But, in this case, the defendant afterwards answered, and thereby waived the error, if any.

III. The defendant then filed his answer, denying the allegations of the petition, and obtained a continuance of

4. PRACTICE: transfer of causes. the cause. At the succeeding term he filed an amended answer and cross-petition, setting up an equitable defense to the plaintiff's cause of action, and thereon again moved the transfer of the cause to the equity docket, which motion was also overruled, and is now assigned as error.

The provisions of our Code on this subject are as follows:

Revision, "§ 2611. The plaintiff may prosecute his action by equitable proceedings in all cases where courts of equity, before the adoption of this Code, had jurisdiction; and must so proceed in all cases where such jurisdiction was exclusive.

§ 2612. In all other cases, except in this Code otherwise provided, the plaintiff must prosecute his action by ordinary proceedings.

§ 2613. An error of the plaintiff as to the kind of proceedings adopted shall not cause the abatement or dismissal of the action, but merely a change into the proper proceedings, by an amendment in the pleadings, and a transfer of the action to the proper docket.

§ 2614. The error mentioned in the last section may be corrected by the plaintiff, without motion, at any time before the defendant has answered, or afterwards on motion in court.

§ 2615. The defendant shall be entitled to have the correction made, in the following cases: Where the action has been commenced by equitable proceedings, the defendant, by motion made at the time of filing his answer, may have them changed into ordinary proceedings, when it appears that by the provisions of section 2612 the plaintiff should have adopted ordinary proceedings, and in addition, that his answer presents a defense on which he is entitled to trial by jury.

§ 2616. Where the action has been commenced by ordinary proceedings, the defendant, by motion made at or before the time of filing his answer, may have them changed into equitable proceedings when it appears that, by the provisions of section 2611, the plaintiff should have adopted equitable proceedings.

These are in substance and almost literally the provisions of the Kentucky Code on the same subject, Stanton's Ky. Code, Title II, pages 18–22, and are all the provisions of our Code relating to the transfer of an action from one docket to the other. It will be seen that the right to have an action transferred from one docket to another arises

5.—Showing of defense. *only* where the plaintiff has brought his action by the wrong proceedings, that is, where he has brought his action by ordinary, when he should have adopted equitable proceedings and *e converso*. And this right is not absolute in all cases even then; for, where the plaintiff has brought his action by equitable, when he should have adopted ordinary proceedings, the defendant cannot have the action transferred to the ordinary docket, except he shows in addition, that his answer presents a defense on which he is entitled to trial by jury. In this case the action was properly brought by ordinary proceedings, and the defendant, under our Code, had no absolute

legal right to have the same transferred, and it was not, therefore, error to overrule his motion therefor.

And, although the defendant has not the legal right to 6. —— Trial have an action properly commenced, transferred of issue. to the other docket, yet he has the absolute legal right to have the issues arising in the action, tried in the manner provided for the trial of issues in the class, either legal or equitable, to which they properly belong. Section 2617 of the Revision provides, that "where the action has been properly commenced by ordinary proceedings, either party shall have the right, by motion, to have any issue which before the adoption of this Code was exclusively cognizable in equity, tried in the manner hereinafter prescribed in the cases of equitable proceedings; and if all the issues are such as, before the adoption of this Code, were cognizable in equity, though none were exclusively so, the defendant shall be entitled to have them all tried as in cases of equitable proceedings." As to the right, also given, to have equitable issues, triable by the second method, tried by a jury, see Revision, § 2999. It therefore follows that, although the court did not err in overruling the defendant's motion to transfer the action to the equity docket, yet, such ruling of the court does not defeat the right or interfere with his privilege to have the equitable issues presented by his answer, tried in the manner provided for the trial of such issues. (*Smith* v. *Moberly*, 15 Ben. Monr., 73.)

7. —— Trial IV. After the defendant's motion to transfer of equitable defense. the cause to the equity docket was overruled, the plaintiff filed her reply, to the amended answer and crosspetition, taking issue upon many of the material facts averred therein. On the trial, as shown by the bill of exceptions, " the defendant brought on the stand a witness, and proposed to prove the matters of defense as set up in his answer and cross-bill, to which the plaintiff had joined

issue, but the court refused to let the defendant introduce such testimony, on the ground that said defense as set up, was equitable, and such evidence could not be introduced in this case;" to which defendant duly excepted, and now assigns the same as error.

It is provided by subdivision six of § 2880, of the Revision, that "the defendant may set forth in his answer, as many causes of defense, set off, counterclaim or cross-demand, whether legal or equitable, as he may have." If a defendant may set forth an equitable defense to an ordinary action, it would seem to follow as a legitimate sequence that he may prove it. The proof or testimony should be of that kind, oral or by deposition, properly admissible on the trial of the issue made. In this case no question was made as to the kind of testimony offered, but only as to the right of the party to prove the issue. It has been several times decided by this court, that such defense may be set up and proved. *Rosierz* v. *Van Dam*, 16 Iowa, 175, and cases cited; *Van Orman* v. *Spafford, Clarke & Co.*, Id., 186; *Kramer* v. *Conger*, Id., 434. Unless the equitable issues are such as are triable by the second method, as provided by the Revision, § 2999, or a trial by the second method is consented to by the parties, or the court wishes "to inform his conscience," as provided in equitable issues triable by the first method, the more regular practice is, to try the equitable issues first, and if they should be found against the defendant, or after their determination in his favor, there remain other issues for trial, then proceed to the determination of such original or remaining issues in the method provided for the trial thereof. *Cramer* v. *Conger, supra; Smith* v. *Moberly*, 15 B. Mour., 73, *supra*. It follows then, that the court erred in rejecting the evidence and refusing to hear and determine the equitable defense presented by the answer. *Rosierz* v. *Van Dam*, and other cases cited *supra*.

V. The plaintiff claims title through the defendant, and on the trial introduced evidence tending to show a regular 8. EVI- chain of title from the defendant to herself, but DENCE of title. did not introduce or offer any evidence to show a title deducible from the government down to the defendant, from whence her title was derived. The defendant asked the court to instruct the jury, that in order for the plaintiff to recover, she must trace her title back to the general government, or show twenty years peaceable possession, &c. This instruction was refused, and such refusal is assigned as error.

There was no error in refusing this instruction; it was sufficient for the plaintiff to trace her title back to the chain through which the defendant claimed, or to the point at which the defendant is, by law, estopped from denying the title. *Conger* v. *Converse*, 9 Iowa, 554; Tillinghast's Adams on Eject., 248; 2 Greenl. on Ev., § 307; *Cooley* v. *Brayton*, 16 Iowa, 10.

There were other instructions asked by defendant, and refused, or modified and given, to which refusal and modification the defendant excepted, and assigns the same as error. We have carefully examined them *seriatim*, and find no occasion to differ from the views entertained by the district court in refusing and modifying the instructions as shown by the record. For the refusal by the court to entertain and try the equitable defense set up as hereinbefore stated, the judgment is reversed, and cause remanded for a new trial and further proceedings not inconsistent with this opinion.

Reversed.