## PENNY v. COOK *et ux.*

1. **Pleading**: EQUITABLE DEFENSES IN EJECTMENT. In the answer to the petition in ejectment the defendant may set up as many causes of defense, either legal or equitable, as he has. When the defense is equitable in its nature, it is to be viewed in the same manner as to substance, as if the same facts had been made the basis of a petition in chancery for affirmative relief.

2. **Deed of trust**: SALE AFTER PAYMENT. A sale made under a deed of trust after payment of the debt secured thereby is absolutely void. There must be a valid subsisting power under the deed, to render a sale valid.

3. —— EFFECT OF SALE. As between the grantor in a deed of trust and the beneficiary (however it might be between the trustor and a *bona fide* purchaser without notice) a sale by the trustee to the beneficiary is not to be assimilated to a sale under a decree in court, cutting off and necessarily concluding all antecedent rights and equities.

4. —— WHEN ANYTHING REMAINS DUE. When the debt secured by a deed of trust has not been fully paid, the power of sale is not fully extinguished, and a sale by the trustee conveys a title to the purchaser. But this title may not be absolute. It is defeasable when the following circumstances concur: 1. When the application to set it aside and to redeem is not unreasonably delayed; 2. When the property, which was the *homestead*, was sold in the absence of the husband, without his knowledge, and against a written protest and notice of the wife; 3. When it is sold for an inadequate price and there is no showing or claim that the trustee, by postponing the sale or otherwise, endeavored to procure a larger and better bid; 4. When the beneficiary claimed and bid for the property at the sale a sum over four times as large as that really due him.

5. —— SALES JEALOUSLY WATCHED. Sales made under powers in deeds of trust are jealously watched by courts of equity, and when the power has been fraudulently, oppressively, unfairly, or irregularly exercised, the owner will be allowed to come in and impugn the sale and redeem the property, especially when the application is not stale, and the property has not passed into the hands of an innocent purchaser.

*Appeal from Polk District Court.*

TUESDAY, JANUARY 23.

SALES UNDER DEEDS OF TRUST: MUST BE A VALID POWER: EFFECT OF USURY: WHEN SUCH SALES WILL BE

SET ASIDE, ETC. — The action of the plaintiff was in eject-
ment to recover possession of lots 3 and 4, block 1, West
Fort Des Moines. It was commenced April 19, 1862,
against Cook alone. Cook's original answer contained a
general denial. Afterwards, by leave of court, he filed,
"by way of amendment, a second and further answer."
Mrs. Cook was, upon proper application, permitted to
defend, and she filed her separate answer.

The answers, among other things, aver: that Cook, prior
to the 8th of November, 1858, was the owner of the lots
above named; that the same constituted the homestead of
himself and wife; that on the 8th day of November,
1858, defendants (Cook and wife) executed a deed of trust
on said premises to J. M. Elwood, as trustee, to secure a
loan of money, borrowed by Cook of Penny. This loan
is alleged to be usurious. From the somewhat confused
statement in the answers it appears that on the 4th day of
June, 1857, Cook borrowed from Penny the sum of $2,000,
at the rate of 2½ per cent per month; that June 4, 1858,
he paid thereon $843.44, and then executed to Penny two
notes, one for $500, secured by a deed of trust on certain
other lots in block 22, alleged to be worth $2,000, and
which, it is averred, were afterwards bid in by plaintiff, at
a sale under the deed of trust, for $476; the other, dated
June 4, 1858, was for $1,500, and was the one which was
afterwards (November 8, 1858), secured by the deed of
trust to Ellwood, trustee, as above stated.

The answers also allege, that on the 15th day of July,
1861, Ellwood, as trustee, sold at public sale the real estate
for which this action was brought, to the *cestui que trust*
(the plaintiff), and executed to him a trustee's deed there-
for. By the latter deed, it appears that Penny became the
purchaser of lot three for $500, and lot four for $1,299.42.

Cook, in his answers, alleges that prior to the sale by
the trustee, he had paid on the $2,000 the said sum of

$843.44, June 4, 1858, and $300, October 3, 1859. These specific averments are also accompanied by the general averment, that nothing was due the plaintiff at the date of the trustee's sale. It is also alleged that the property sold to the plaintiff was of the value of $5,000; that the sum of $2,000 is brought into court, and of this sum the defendant offers and tenders to the plaintiff whatever amount may be found to be due him by the court. It is also alleged in the answers, that the defendant Cook was absent in Colorado when the sale was made by the trustee, and that it was made without notice to him and without knowledge thereof on his part, and with an intention on the part of the plaintiff to cheat and defraud him.

Mrs. Cook's answer is, substantially, the same as her husband's, setting forth usury in the loan, and unfairness and inadequacy of price, as objections to the sale by the trustee. She also alleges that the property was and is her homestead; that she is in possession; that she was induced to sign the trust deed by fraud; that she gave the trustee and the plaintiff, and his agents, written notice, prior to the trustee's sale (July 13th, 1861), not to sell the property, because the same was and is her homestead, and there is other property, personal and real (some of which is described and pointed out), belonging to her husband, from which the debt could be made, and because the amount claimed on the note secured by the deed of trust is not due thereon.

The prayer of the answer is, the plaintiff be decreed to receive so much of the sum tendered as may be necessary to satisfy the amount really due; that the deed of trust and trustee's deed be declared null and void, and the defendant's title quieted and perfected, and for general relief.

The cause was, on motion, transferred to the equity docket.

The plaintiff demurred to the separate answer of Mrs. Cook, and to the separate and amended answers of Mr. Cook, the material portions of which are above set out.

This demurrer being sustained, the defendants appeal and assign as error the ruling of the court below.

*Dorr & Bartle* (with whom are *Polk & Hubbell*) for the appellants.

*Withrow & Smith* for the plaintiff.

DILLON, J. — Under section 2880 of the Revision, the defendants were authorized " to set forth in their answers as

1. PLEADING: equitable defenses in ejectment.

many causes of defense, legal *or equitable*, as they had." *Rosierz* v. *Van Dam*, 16 Iowa, 175; *Van Orman* v. *Spafford, Clark & Co.*, Id., 186. The affirmative defenses of Cook and wife were equitable in their nature, and are to be viewed in the same manner as to substance, as if the same facts had been made the basis of a petition in chancery to set aside the trustee's sale.

Thus regarded, they were undoubtedly sufficient to require the court to set aside the sale, and consequently the court erred in sustaining the demurrer to the answers.

We briefly state a few principles of law applicable to the subject, and which will at once show the correctness of the conclusion just announced, and serve as a guide to the court below in the further progress of the cause.

One allegation in the answer is, that the debt secured by the deed of trust had been *fully paid* prior to the sale

2. DEED OF TRUST: sale after payment.

by the trustee. The demurrer admitted the truth of this allegation. If true, the sale by the trustee was wholly void; certainly so as between trustee and beneficiary when the latter purchases. The reason may be briefly stated : The trustee derived his sole power to sell from the deed. It follows that a valid

subsisting power is necessary, and lies at the very foundation of the purchaser's title. Payment in full of the debt renders the trust deed *functus officio*, and *ipso facto* extinguishes the power of sale. *Cameron* v. *Irwin*, 5 Hill (N. Y.), 272; Id., 246; 2 Id., 566; 21 Mo., 320; *Ledyard* v. *Chapin*, 3 Port. (Ind.), 320; *Sherman* v. *Sherman*, 3 Id., 337; *Wade* v. *Harper*, 3 Yerg., 383; 2 Am. Law Reg. (N. S.), 715, § 23, and authorities cited.

No reason is perceived why this, if true, would not be a good defense even at law. Indisputably it is ground to set aside and annul the sale. Most manifestly so where, as in the case at bar, no intervening right of third persons have attached.

II. Where the statute declares a note tainted by usury to be *wholly void*, a sale under the power contained in a trust deed securing such note, will confer no title where, as in this case, the beneficiary becomes the purchaser. 2 Am. Law Reg., N. S., 717, § 24, and cases there collected. See also, Code, 1851, § 2081; *Grimes* v. *Shorieve*, 6 Mon., 547, 553; *Stapp* v. *Phelps*, 7 Dana, 296; *Jackson* v. *Dominick*, 14 Johns., 435; *Richardson* v. *Field*, 6 Me., 35; *Halter* v. *Burton*, 6 Conn., 436; *Hyland* v. *Stafford*, 10 Barb., 558; *Cook* v. *Colyer*, 2 B. Monr., 71.

But in our State a note, although usurious, is not wholly void. It is valid for the sum actually due thereon, and 3.—— may be enforced accordingly. This case arises effect of sale. between the beneficiary and the grantor in the deed of trust, and as between them (however it might be if the contest was between the trustee and a *bona fide* purchaser without notice), the sale by the trustee to the beneficiary is not to be assimilated to a sale under a decree in court, cutting off and necessarily concluding all antecedent rights and equities.

If there remains something due on the deed of trust, if

the debt has not been fully paid, the power of sale is not fully extinguished; and under such circumstances, if the trustee sells and conveys the property, a title will pass to the purchaser. The title may or may not be absolute and indefeasible. Assuming the facts alleged in the answer to be true, we think the title acquired by the plaintiff at the trustee's sale is, in equity, a defeasible one, even though there was some amount legally due him upon the trust deed. In other words, upon those facts being established, the trustor was entitled to have the sale set aside, and if there should be anything due, to redeem the property upon paying the amount.

4. —— when anything remains due.

Among the reasons which may be mentioned as entitling the defendants to this relief, are the following:

1. This application was not *unreasonably delayed*, being made before the property had changed possession, or any rights of third persons had attached.

2. The property, which was the *homestead*, was sold *in the absence of the debtor*, and without his knowledge, and against the written protest and notice of his wife.

3. It is alleged to have been sold for an *inadequate price*, and there is no showing or claim that the trustee, by an adjournment of the sale or otherwise, endeavored to procure a larger or better bid.

4. Of the $2,000 borrowed, there is alleged to have been paid, in money and by the sale of other property over $1,600, leaving, aside from usurious interest, less than $400 of principal due the plaintiff at the date of the trustee's sale. Yet the plaintiff bid it in for $1,799, claiming that sum to be due him.

Some of these circumstances singly, would not, it is admitted, be sufficient to set aside a sale otherwise regular and fair. 2 Am. Law. Reg. (N. S.), 715, *et seq.*, and cases stated and cited. But this harsh

5. —— sales jealously watched.

and summary mode of disposing of the equity of redemption, is jealously watched by the courts, and when the power has been fraudulently or oppressively and unfairly or irregularly exercised, the owner will be allowed to come in and impugn the sale and redeem the property, especially where the application is not stale, and the property has not passed into the hands of *bona fide* purchasers. 2 Am. Law. Reg. (N. S.), 726; "Sales and Titles under Deeds of Trust," and authorities cited; *Sears* v. *Livermore*, 17 Iowa, 297; *Langworthy* v. *Campbell*, *infra*; *Sypher* v. *McHenry*, 18 Iowa, 233; *Perkins* v. *Conant*, 29 Ill., 184, referred to by the plaintiff's counsel, is not necessarily in conflict with the foregoing views. It was there held that a mortgagor could not maintain an ordinary action for money had and received, to recover back usurious interest, collected by a sale of the mortgaged premises, under a power of sale contained in the mortgage deed. The case was one *at law*, and the court did not undertake to declare or decide what would have been the plaintiff's right in equity, on an application to set aside the sale.

Reversed and remanded.