KNIGHT, Receiver, v. WATERS and PRATT.

1. **Appeal:** DEFENSE: BOND. In an action on a bond, filed on an appeal from the decree of the District Court to the Supreme Court (a trial *de novo* having been had, and a new decree rendered in the Supreme Court), an allegation that the decree appealed from was obtained by fraud, is not a sufficient defense.

*Appeal from Jackson District Court.*

THURSDAY, APRIL 13.

*Lyon* and *Crane* for the appellant.

*Griffith & Knight*, and *Monroe & Dewey* for the appellees.

LOWE, J. — Once before, this cause was in this court (15 Iowa, 420), upon the appeal of the plaintiff, excepting

1. APPEAL; defense: bond.

to the ruling of the court sustaining defendants' demurrer to the sufficiency of his petition. It was reversed and remanded. It now comes up, upon the appeal of the defendants, excepting to the ruling of the court sustaining a demurrer to defendants' amended answer. This order must be upheld, not because the answer collaterally attacks a judgment said to have been fraudulently obtained, and out of which this suit originated; nor because the answer contains an equitable defense, a thing which we have held permissible under our present system of practice (*Rosierz* v. *Van Dam*, 16 Iowa, 175; *Van Ormon* v. *Spofford, Clark & Co.*, 16 Id., 186); but for the reason that the facts set out in the answer are not in themselves sufficient to constitute a defense.

To exhibit the ground of this opinion we must briefly recur to the circumstances out of which the suit arose, the nature of the action, and the manner and substance of the defense. A firm of the style of Levi, Karrick & Jones, had been engaged in the mining business. The defendant,

Waters, in this case, was an acting agent in their employ. Levi, one of the partners, becoming dissatisfied, filed his bill in equity for a dissolution and settlement of the partnership affairs. To this proceeding Waters was also made a party defendant, and was charged with being indebted to the firm aforesaid. At the trial of this equitable suit, a decree was entered against Karrick and Jones in an amount adjudged to be due as a balance on settlement from them to Levi. It was also adjudged that Waters was indebted to the firm in the sum of $633.89; but that he should pay the sum to Levi in lieu of the sum found to be due from Karrick and Jones, as to the two items of indebtedness were about the same in amount.

From these two decrees each party defendant appealed to the Supreme Court, Waters superseding the execution on the judgment against him by executing an appeal bond with the defendant Pratt as surety. In the Supreme Court the whole case was reviewed and tried anew upon the merits, and a very different conclusion reached. It was found that Karrick and Jones owed nothing to their partner Levi on settlement; but, on the other hand, that Waters owed the firm some $985.99, which was ordered to be paid, not to Levi, agreeably to the decree below, but to the plaintiff in this suit, who was the receiver appointed in the equitable suit. This last judgment remaining unpaid, and uncollectible, this receiver brings this his suit upon the appeal bond.

Now the substance of the defense which Waters makes to the action is as follows: That the payment of $633.89, in the District Court, was fraudulently obtained, in this, that during the pendency of said suit the plaintiff Levi told him he knew that he, Waters, owed nothing to the firm aforesaid; that he had made him a party defendant because he had been the agent of the firm, and that he need not give any attention to the same, &c. If it should

Knight v. Waters and Pratt.

be conceded that these facts, properly plead, would consti-tute an equitable defense against the collection of the judgment rendered in the District Court, because of the fraudulent acts of Levi by which Waters was deprived of a day in court, does it follow that the same facts also constitute a defense to the judgment obtained in the Supreme Court, where the defendant appeared and had his day in court, where the whole case was tried *de novo* by a distinct tribunal, and a different judgment rendered payable to or in favor of different parties? The statement of such a proposition furnishes perhaps the best expose of its want of soundness. It must be remembered that the object of this action upon the appeal bond is to recover, not the alleged fraudulent judgment of $633.89, rendered in the District Court in favor of Levi, but the judgment of $985.99 obtained in the Supreme Court in favor of the plaintiffs in this suit. Against this judgment no objection is made, no fraud alleged. It is not even averred or pretended that by reason of the fraudulent act of Levi in the court below, the record of the cause in this court was in a condition to prevent the defendant from having a full and fair trial in the Supreme Court.

For these reasons we think that the facts set up in the answer fall short of a complete legal defense, and the court did not err in sustaining a demurrer to the same.

Affirmed.