McCORMICK, respondent, v. HUBBELL ET AL., appellants.

DEFENSE OF SURETIES.— Sureties on an appeal bond or undertaking cannot go behind the judgment to set up any matter of defense of their liability which might have been pleaded or shown in the original action, such as that the inferior court was improperly constituted or the judgment improperly rendered therein.

TRIAL DE NOVO.— Cases appealed from probate to district court, under the Montana statute (see Code, sec. 436), are tried *de novo*, and all irregularities and infirmities in the inferior court become immaterial.

An appeal from the probate court of Custer county to the district court of the same county, taken September 28, 1878, was good, though no district court was established in that county prior to February 8, 1879, being before that time attached to Gallatin county for judicial purposes.

VERBAL REPRESENTATIONS.— The liability of sureties is not affected by any verbal representations as to the contents or effect of an instrument when they have had full opportunity to see and judge for themselves.

Remedy for misconduct of jury and irregularity in entering judgment should be by motion for new trial. They cannot be reached in a collateral attack upon such judgment.

DEFENSE OF COVERTURE.— The defense of coverture in the defendant in the principal action cannot be raised by sureties in an action brought on the undertaking on appeal.

### _Appeal from First District, Custer County._

WARNER & GARLOCK, for appellants.

1. The motion of plaintiff to strike out sections 1, 2, 3, 7 and 8 of the appellant's answer, on the ground that the same was irrelevant and immaterial, should have been overruled. The order of the court below sustaining that motion is erroneous for the reason that the parts stricken out contain allegations which, if proved on the trial, would have been sufficient to defeat a recovery by the plaintiff in this action.

It is provided that "upon an appeal from a judgment the court may review . . . any intermediate order or decision excepted to, which involves the merits or necessarily affects the judgment." Code of Civil Proc. 156, sec. 425.

An order of the court, by which matter that is a good defense is struck out of the defendant's answer, is an intermediate order involving the merits and necessarily affecting the judgment, and may therefore be reviewed on an appeal from the judgment. _Rapalee_ v. _Stewart,_ 27 N. Y. 310; _Ayers_ v. _Western R. R. Co._ 45 N. Y. 260; _Hibberd_ v. _Smith,_ 39 Cal. 145; _Agard_ v. _Valencia,_ id. 292.

_First._ The plaintiff in his complaint alleges, as the foundation of his claim, that on the 28th day of September, 1878, judgment was rendered by the probate court for Custer county, Montana territory, in favor of

the plaintiff, in an action of *Burton* v. *Young*, and that the undertaking on appeal, on which this action is brought, was given on an appeal by the defendant Young from that judgment. The appellant, in the first section of his answer, alleges, in defense of this action, that at the time of the alleged rendering of the judgment in that action that the county of Custer was an unorganized county, and that there was no probate court or probate judge of Custer county, as alleged by plaintiff in his complaint.

Under the organic act and statutes of Montana the legislative assembly has exclusive power to provide for the organization of new counties. The only legislation which had been had in regard to the county of Custer, previous to the time of the alleged rendering of the judgment in the case of *Burton* v. *Young*, was the act defining the boundaries of the county of Big Horn, and attaching the same for legislative and judicial purposes to the county of Gallatin, and the subsequent act of 1877 changing the name of the county from Big Horn to Custer. Codified Statutes of Montana, 1871–72, pp. 432, 585; Laws of Montana, 1877, p. 425.

Under the statutes of Montana at the time of the alleged rendering of the judgment in *Burton* v. *Young*, the territory described as the county of Custer had not yet become a county. To constitute a county something more is required than a law defining its boundaries. Some provision must be made for a local government. *People* v. *McGuire*, 32 Cal. 140; *People* v. *Johnston*, 6 Cal. 673; *Commonwealth* v. *Fowler*, 10 Mass. 290; *McCullough's Appeal*, 34 Pa. St. 248.

Under the laws then in force the probate court of Gallatin county had jurisdiction within the county of Custer, and, so far as the existence of a probate court was concerned, the latter was, to all intents and purposes, a part of the county of Gallatin. There was no more justification for the existence of a probate court in Custer county,

as distinct from that of Gallatin, than there was for the existence of two probate courts in Gallatin alone.

But it appears from the record that there had been an assumption of judicial power by what was styled the probate court of Custer county. That one Carmichael had taken it upon himself to hold what was called a probate court, and had assumed to enter judgment in the case of *Burton* v. *Young.*

It would hardly seem necessary, under the circumstances, to argue that a judgment thus entered was of no force or effect.

It is undoubtedly a well settled rule of law that when an office has been established and is already in existence, and where such office is filled by a person who exercises the powers and performs the duties of the same, that the right of such person to the office cannot be delegated in controversies between third parties, but must be tried in a proceeding directly instituted for that purpose. The right of a *de facto* officer cannot be questioned in a collateral proceeding. But in order that there may be an officer *de facto*, it is at least necessary that there be an actual office. Whereas in this case the office of probate judge had no existence in law, and was in fact in violation of a positive statute. We submit that the party assuming to act does not become an officer *de facto.*

We submit that, under such circumstances, a party is not precluded from denying the validity of a judgment where the law itself makes no provision authorizing the establishment of the court which assumed to render it.

The judgment in the case of *Burton* v. *Young,* in the probate court, was absolutely void, and may be attacked in this action. *Bruner* v. *Porter,* 9 How. 235; *Forsyth* v. *United States,* id. 571; *Hickman* v. *Jones,* 9 Wall. 197; *Bates* v. *Gage,* 40 Cal. 183; *Norwood* v. *Kenfield,* 34 Cal. 329; *Whitwell* v. *Barber,* 7 Cal. 54; *Forbes* v. *Hyde,* 31 Cal. 342; *Galusha* v. *Butterfield,* 3 Ill. 227; *Orman* v.

*Riley,* 16 Cal. 186; 4 U. S. Digest, 59, sec. 321; id. 55, secs. 215, 216; id. 71, sec. 562.

That judgment being void, it could not serve as a sufficient foundation to bind the sureties upon an undertaking upon an appeal. To constitute a sufficient consideration upon which to support the promise of the sureties to an undertaking upon appeal, it is necessary, first of all, that a judgment should have been rendered which was capable of being enforced.

When it turns out that the judgment appealed from was no judgment at all, the undertaking given on appeal from it is clearly without a consideration to support it, and should not be enforced against the sureties.

We submit, then, that the first section of appellant's answer constituted a good defense to this action, unless the action of the legislative assembly, subsequent to the time of the alleged rendering of the judgment in *Burton* v. *Young* in the probate court, had the effect to cut off the right of controverting the authority of a court which existed, if it existed at all, without authority or recognition of law.

By an act of February 5, 1879, the legislative assembly repealed the previous acts, attaching the county of Custer to the county of Gallatin for judicial purposes, and made provision for the holding of courts in the former. And by a joint resolution of the council and house of representatives of the previous date of January 18, 1879, after reciting that an organization of the county of Custer had been attempted and that doubts existed as to its legality, it was resolved that the acts of the county commissioners and other officers of said county were as valid as if the appointment of the county commissioners had been authorized by law. Laws of Montana, 100–117.

That resolution, if it had any effect on this case, had the effect to create a judgment where none existed before.

A legislature may undoubtedly, in many cases, pass

laws which will have a retroactive effect; but it will
scarcely be contended that a legislature can by such a
resolution so far affect the rights of parties and property
as to validate a judgment which had been rendered with-
out right or authority of law, and was, for all purposes of
conferring any right upon a party claiming a benefit under
it, utterly ineffectual and void.

The resolution of the legislative assembly, so far as it
was an attempt to validate judgments like the one in
question, is itself invalid, for the reason that if it were to
be enforced, it would take away and infringe upon vested
rights, and would have the effect to change rights to
property without due process of law. *Shawnee* v. *Carter,*
2 Kan. 115; L. C. 4 U. S. Digest, 3, sec. 37; *Roulsorg* v.
*Wolf,* 35 Mo. 174; *Dash* v. *Vankleek,* 7 Johns. 477; *Hor-
ton* v. *Horton,* Phill. (N. C.) L. 410; L. C. 12 U. S.
Digest, 712, sec. 234.

*Second.* The second section of defendant's answer, in
which it is alleged that at the time of the appeal from
the judgment alleged to have been rendered in the pro-
bate court, there was no district court for Custer county,
should not have been stricken out.

A reference to the statutes of Montana, before referred
to, shows that it was not until several months afterwards
that the first legislation was had authorizing the holding
of a district court for Custer county. Not only was
there no district court for that county authorized or rec-
ognized by law, but there had been no step taken to es-
tablish a district court in fact.

A bond conditioned to prosecute an appeal to a court
which has not been established, either in law or in fact,
is invalid, and a surety thereon is not estopped to deny
the existence of any such court as the one to which the
appeal is taken. *Tucker* v. *State,* 11 Md. 322; L. C. 1 U.
S. Digest, 570, sec. 5908.

*Third.* The seventh section of the appellant's answer
should have been allowed to stand. It alleges, in sub-

stance, that the verdict of the jury in the case of *Burton* v. *Young,* in the district court, was obtained by fraud and collusion on the part of the plaintiff in that case and certain of the jurors. If a verdict was obtained by undue influences, which were exerted upon the jury, neither Burton nor the plaintiff, to whom he assigned the judgment founded upon that verdict, should be permitted to enforce it against the defendant in this action. It cannot be urged that the person, if disqualified, might have been excluded at the time, for the appellant was not a party to that suit. If Burton obtained a judgment to which he was not entitled, as alleged in the part of the answer in question and which was stricken out, equity would not permit him or his assignee to enforce that judgment against the sureties upon the undertaking on appeal.

The matter struck out constituted a good equitable defense, and was brought forward by the defendant at the first opportunity afforded him.

It is well settled that a judgment obtained by fraud may be avoided, and that one who is prejudiced thereby, and who was not a party to the suit in which it was rendered, may attack it on that ground in a collateral action. 1 Story's Eq. Jur. sec. 2152; 2 Story's Eq. Jur. secs. 1571–1575; *Amitt* v. *Terry,* 35 N. Y. 256; *De Armond* v. *Adams,* 25 Ind. 455; *Callahan* v. *Griswold,* 9 Mo. 784; *Vandusin* v. *Mason,* 24 N. J. L. (4 Zab.) 818.

When a verdict is obtained against the principal upon an appeal bond, a surety, when an attempt is made to enforce the judgment against him, may defend on the ground that the verdict upon which the judgment was rendered was obtained by fraud and collusion. *Durand* v. *Mayo,* 25 Ga. 681; L. C. 1 U. S. Digest, 580, sec. 6092.

2. Under the facts numbered 2 and 3 in the appellant's requests for findings, and which were found by the court below as requested, the costs on the appeal in the case of *Burton* v. *Young,* from the probate to the district court,

should not have been allowed to the plaintiff in that action or included in the judgment rendered against the appellant in this. Code of Civil Proc. 160, sec. 443.

3. The court below should have found as requested in defendant's eighth request for findings. The only evidence upon that point was the testimony of A. Carmichael, the judge of the probate court. It shows that before the bringing of this action the plaintiff brought a suit in the probate court against the defendant, upon the undertaking set out in the complaint; that that action was brought to trial, and that during the trial the plaintiff dismissed the action. The code provides in what case an action may be dismissed. Code of Civil Proc. 96, sec. 234.

The evidence shows that the case was not dismissed as provided for in either of the subdivisions of that section. The defendant was there entitled to a judgment on the merits in that action. Code of Civil Proc. 96, sec. 235.

H. N. BLAKE, for respondent.

1. The court below found the facts and conclusions of law. No motion for a new trial was made, and it is not claimed by appellant that the judgment is inconsistent with the findings. Unless there was error in the action of the court below in striking out parts of the appellant's answer, the judgment must be affirmed. *Chumasero* v. *Vial*, 3 Mont. 376; *Largey* v. *Sedman*, id. 357.

The question of the validity of the acts of the officers of Custer county has been raised in the case of *Broadwater et al.* v. *Richards*, and I refer to the authorities and cases therein cited upon this point.

Laws declaring valid the acts of officers irregularly elected or appointed have been deemed constitutional, and this is the effect of the statutes of Montana concerning Custer county. The following are additional cases: Sedgwick, St. and Con. Law, 198 *et seq.; Davidson* v. *Johonnot,* 7 Met. 389; *Underwood* v. *Lilly,* 10 Serg. &

Rawle, 97–101; *Trustees, etc.* v. *McCaughy*, 22 Ohio, 152; *S. C.* 2 Ohio St. 152; *People* v. *Jenkins*, 17 Cal. 500.

3. The recitals in the undertaking on appeal recognized the validity of the probate court, and bound appellant. Recitals in a sealed instrument estop the party signing the same. Bigelow on Estoppel, ch. 10, "Recitals;" *Cutler* v. *Dickinson*, 8 Pick. 386; *Bruce* v. *United States*, 17 How. 437; *Shroyer* v. *Richmond*, 16 Ohio St. 455.

4. A motion for a new trial was made in *Burton* v. *Young*, and the grounds thereof should have contained the matter that was set forth in the answer which was struck out. .The fraud complained of should have been made a ground under the clause relating to irregularity in the proceeding, or misconduct of the jury. This was not done, and therefore it was "waived," and cannot now be raised.

5. The matter that was struck out of the answer was no defense to the action.

WADE, C. J. This is an action upon an undertaking on appeal. It appears from the transcript that on the 28th day of September, 1878, judgment was rendered by the probate court of Custer county in favor of Thomas H. Burton against Elizabeth Young for the sum of $369 and costs of suit, and on the 28th day of October, 1878, Young appealed to the district court of Custer county.

On this appeal the defendants Kelly and Hubbell entered into an undertaking whereby they undertook and promised to pay any judgment that might be rendered against the defendant Young in the district court. On the 27th day of May, 1879, the cause was tried in the district court, and a verdict and judgment thereon rendered against Young for the sum of $302 and costs. The defendant did not file a motion for a new trial or appeal from this judgment. Thereafter the plaintiff Burton, in that action, sold and assigned all his interest in said judgment and undertaking to John McCormick, the

plaintiff herein, who brings this action on said undertaking.

To this action the defendants, the sureties upon the undertaking aforesaid, in their answer, set up several matters in defense, and among them the following: First. That on the 28th day of September, 1878, and thereafter until the 8th day of February, 1879, the county of Custer was an unorganized county in the territory of Montana, and that during said period of time such county had no lawfully authorized or qualified county officers, and that during such period the county of Custer had no probate judge or probate court, and no person authorized and qualified to act as such, and therefore that the judgment alleged to have been rendered by the probate court of Custer county is without force or effect and utterly void. Second. That there was not on the 28th of September, 1878, nor thereafter until the 8th day of February, 1879, any district court within and for the county of Custer. Third. That Young and her attorneys induced and procured these defendants to sign said undertaking by false and fraudulent representations. Fourth. That the judgment in the district court was not entered by the clerk or signed by the judge thereof on the 27th day of May, 1879, but that some time in August of that year the amounts, both of damages and costs, as they now appear in the judgment, were surreptitiously entered therein in a wrongful and unlawful manner, and that the name of the judge signed to said judgment was not signed or authorized by said court. Fifth. That the jurymen who tried the case in the district court were corruptly biased in favor of the plaintiff, in this, that they were creditors of the plaintiff, and that the plaintiff promised such jurymen, if a judgment were rendered in his favor, to pay such jurymen the amount of their claims against him; and sixth. That at the time said judgment was rendered in the district court against the said Elizabeth Young she was a married woman and the

wife of Richard Kelly, one of these defendants, and that Kelly was not made a party to said action.

Thereupon the plaintiff moved to strike out said several matters of defense, which motion was sustained, and this action of the court is assigned as error.

1. In this action the judgment of the probate court cannot be attacked.  Sureties upon an appeal bond or undertaking cannot go behind the judgment to set up any matter of defense of their liability which might have been pleaded or shown in the original action.  If the probate court was not properly constituted or authorized, or if the judgment was improperly rendered.therein, the defendant in that action might have made that defense in the probate court, or had the same retried on her appeal to the district court. . Having failed to do this, the sureties cannot now make this collateral attack upon the judgment.

There is another consideration which renders the question as to whether or not the probate court of Custer county, at the time of the rendition of the judgment therein, was properly constituted and authorized, an immaterial question.  A cause of action reaching the district court from the probate court under section 435 of the code, is tried as a new action.  The statute provides that such a case shall be tried in the district court *de novo*.  New pleadings may be filed therein, and the action proceeds in all respects as if it had been commenced in that court.  When the transcript and papers are sent from the probate court to the district court, and the parties appear therein without objection, the jurisdiction of the district court at once attaches, and the case is tried anew, and is not in any manner affected or controlled by the trial or judgment in the probate court.  The defendant Young appeals.  She causes the case to be taken to the district court.  When it reaches there, the machinery of that court is set in motion and the action had to be disposed of like any other action.  A trial ensues.  A verdict is rendered

against her, followed by a judgment thereon. This judgment, being the result of a trial *de novo*, is not affected by any defect or infirmity that might pertain or belong to the judgment in the probate court. This judgment in the district court the sureties in the undertaking promised to pay or cause to be paid. They cannot go behind this judgment and set up any matter in defense that might have been pleaded in the original action. A defense that might have been made to that action cannot be pleaded for the first time in an action upon the undertaking.

In an action upon an undertaking on appeal from a judgment of the probate court to the district court, where a trial *de novo* has been had, and a new judgment rendered in the district court, an allegation in the answer of the sureties, that the judgment appealed from is fraudulent and void, is not a defense to such action. *Knight* v. *Waters & Pratt*, 18 Iowa, 345.

2. The allegation in the answer, that at the date of the rendition of the judgment in the probate court of Custer county there was no district court therein, and consequently no court in which an appeal could have been taken, does not constitute a defense to this action. If it were true that no separate district court had been established within and for said county at that time, then the statute of January 4, 1872, which was a re-enactment of a former statute on the same subject, whereby the county of Big Horn (since named Custer) was attached to the county of Gallatin for judicial purposes, was then in force. The purpose of this statute was to give to the people of Custer county all the benefits of a district court. It extended the jurisdiction of the Gallatin county district court over that county. The district court of Gallatin county thereby became the district court of Custer county also. It gave to the people of Custer county the same right to appeal their cases from the probate court of their county to the district court, as the people of Gal-

latin county had to appeal from their probate court to their district court.

And so, whether the district court of Custer county, at the date of the rendition of the judgment in the probate court, had been established in that county, or whether such district court at that time remained at the county seat of Gallatin county, is immaterial. In either case the defendant in the judgment, at the date of its rendition, might have appealed to the court exercising district court jurisdiction for Custer county. And this is what the defendant did do in giving the proper notice and causing to be executed the undertaking sued on in this action.

3. The third defense, that Young and her attorney falsely represented that the undertaking these defendants were about to sign was conditioned for the payment of the costs only in case judgment was rendered against Young in the district court, is wholly insufficient. The undertaking with all its conditions was before the defendants. They had it in their hands and an opportunity to examine it. If, by their own neglect or carelessness, they failed to do so, it is their own fault. If they were ignorant of the law on the subject, that does not excuse them. Mere verbal representations of what a written contract contains, when the same is in the hands of the party to be bound, if he signs it, do not affect the liability of such party.

4. The fourth and fifth defenses, which relate to the misconduct of the jury in the district court, and to irregularities in the entry and rendition of the judgment, are not available in this collateral attack upon the judgment. Such misconduct or irregularity did not render the judgment void. It was only voidable, and that by the application of the proper remedy. There was a verdict in favor of the plaintiff and against the defendant Young, and a judgment thereon. If the verdict was tainted with fraud; if the jury had been corrupted by the

plaintiff; or if the judgment was unlawfully and improperly entered, the remedy of the defendant was a motion for a new trial in the district court, where those things, if true, might have been made to appear. From an order granting or refusing such a motion an appeal lies to this court, and only by virtue of such an appeal can such or kindred questions be considered here.

5. The sixth defense, wherein it is alleged that the defendant Young, at the time of the rendition of the judgment against her, was a married woman, is not a good defense for these defendants. Such a judgment is not void. It is erroneous, but the error is cured if the party does not avail herself of her remedy, and at the proper time. In this case, the defendant Young might have made a motion to set aside the judgment because of her coverture, or she might have appealed from the judgment. She failed to do either. Having a statutory remedy which afforded full and complete relief, which she neglected to avail herself of at the proper time, she could not now, in an equitable proceeding, ask to have the judgment set aside (*Vantilberg* v. *Black*, 3 Mont. 459); and if not, the judgment against her must be held good as far as it concerns these defendants. If the judgment could not be set aside in a direct proceeding instituted by the married woman for that purpose, then, evidently, it could not be set aside in a collateral action by these defendants.

*The judgment is affirmed, with costs.*