## KRAMER v. CONGER.

1. EJECTMENT: EQUITABLE DEFENSE. The defendant may set up an equitable defense to an action for the recovery of real property. (*Rosierz* v. *Van Dam*, and *Van Orman* v. *Spafford, Clark & Co.*, *ante*.)

2. PRACTICE: METHOD OF TRIAL. When an equitable defense is set up to an action for the recovery of real property, the issue should be tried as in equitable proceedings, by the first or second method, according to its class. If the equitable defense be found insufficient, the legal issues, if any remain, should be tried by a jury, unless a jury be waived. If the equitable defense be found sufficient, the court, in a proper case made, may grant complete relief.

3. HUSBAND AND WIFE: PARTIES. A married woman may maintain an action relating to her separate property without the joinder of her husband with her as a party.

*Appeal from Dubuque District Court.*

MONDAY, JUNE 20.

THIS is an action for the recovery of real property. There was a jury trial, with verdict and judgment for plaintiff, from which defendant appeals. The facts, so far as necessary, are stated in the opinion of the Court.

*Bissell & Shiras* for the appellant.

*Thomas M. Monroe* for the appellee.

COLE, J.—I. This suit was brought to the February Term, 1861, of the Dubuque District Court, the petition being in the ordinary form for the recovery of real property. The answer set up that the plaintiff was a married woman, and living with her husband, and also contained specific denials of the allegations of the petition, and a plea of the statute of limitations. The cause was continued at the appearance term, at defendant's costs. No other journal entry was made in said cause till the May Term, 1862, when, as the transcript shows: "On the 17th day of May,

1862, the defendant asked leave to file an amended answer, setting up an equitable defense. The Court overruled the motion, and refused to allow said equitable defense to be filed, to which the defendant, at the time, excepted." The transcript further shows that on the 28th day of May the defendant filed a motion and affidavit for continuance, which was overruled; and on the day following the defendant filed an amended answer, setting up a sale of the real estate in controversy, in October and November, 1860, under executions against the defendant. This amendment, we suppose, was made for the purpose of enabling the defendant to show on the trial such outstanding title in another, and thereby defeat the plaintiff's recovery.

It is very clear from the transcript in this case that the Court refused permission to the defendant to file his first offered amendment, on the ground that it set up an equitable defense only, and that such defense was not allowed in an ordinary action. In this view the District Court was in error. The Revision, § 2880, subdivision six, provides that "the defendant may set forth in his answer as many causes of defense, set-off, counterclaim, or cross-demand, whether legal or *equitable*, as he may have."

The provision of the New York Code on this subject is as follows: "The defendant may set forth by answer as many defenses and counterclaims as he may have, whether they be such as have been heretofore denominated legal or equitable, or both." Howard's New York Code, 1860, § 150, p. 258. The Kentucky Code contains the same provision in substance in this language: "The defendant may set forth in his answer as many grounds of defense, counterclaim and set-off, whether legal or equitable, as he shall have." Stanton's Ky. Code, § 125, p. 85. The Ohio Code says: "The defendant may set forth in his answer as many grounds of defense, counterclaim and set-off, as he may have, whether they be such as may have been heretofore

denominated legal or equitable, or both." Seney's Ohio Code, § 93, p. 133.

Under our Code, as well as under the Codes of the other states quoted, it is clear, beyond doubt, that the defendant has the right to file an equitable defense to an action for the recovery of real property as well as to any other action.

This question has been so repeatedly decided by the courts of those states, and has been twice determined by this Court at the present term. See *Rosierz* v. *Van Dam* (*ante*, 175), and authorities cited; *Van Orman* v. *Spafford, Clark & Co.* (*ante*.)

In this case the amended answer which was offered to be filed and refused, is sent up to this Court in the transcript, and it contains averments showing a complete equitable defense to this action. It shows that the deed under which plaintiff claims to recover was, *by mistake*, in the description of the land conveyed, made to include the land in controversy, when it was never sold to plaintiff, paid for by 'her, or intended to be conveyed to her. The plaintiff resisted the filing of the amendment on the further ground shown by affidavit, that the defendant had before that time filed his petition in equity to correct the deed, and had dismissed the same before final trial.

These facts (especially in view of the affidavit of defendant's attorney showing cause therefor), could not deprive the defendant of his right to set up his equitable defense, and have the same fully and finally tried. They might, however, be very proper matters for consideration in fixing the *terms* upon which the amendment should be made, such as the payment of costs, a consent to an early trial and the like.

Upon the trial of the case the defendant was permitted (under an offer made by plaintiff's attorney pending the consideration of the defendant's motion for continuance, which was overruled), to introduce certain depositions taken

in another cause, which went very far in proving the equitable defense, and were quite sufficient, in the absence of any showing to the contrary, to justify a verdict for defendant, if the same under proper issues had been submitted to the jury.

But the Court, by an instruction, said to the jury, "you will throw out from your consideration all that has been said, &c., about a mistake in the deeds from Beckett to plaintiff, or from Conger to plaintiff, for the reason that there is no such issue before you; and in this case the Court has no authority to correct the mistake, or give the defendant the benefit of any mistake which may be found to exist." The defendant was therefore deprived of the benefit of his evidence as well as of his pleading.

Where, as in this case, an equitable defense is set up, that issue should be tried as in equitable proceedings, by the first or second method, according to its class, and if the equitable defense is found insufficient, the legal issue, if any remain, should be tried by a jury, unless a jury is waived. If the equitable defense is found sufficient, the Court may, in a proper case made, grant complete relief.

II. There are many other questions made and argued, arising upon the motion and affidavit for continuance, and the instructions given modified, and refused; but since the judgment of the District Court must be reversed for the reasons already stated, and especially since the determination of the issues arising upon the equitable defense, will in all probability settle finally the rights of the parties, it becomes wholly unnecessary to pass upon the other questions made in the case, except one.

It is objected by the defendant, that the plaintiff, being a married woman and living with her husband, she cannot maintain this action without joining him as plaintiff. The counsel for defendant, in this objection, has adopted the like error of the Court on the other point, to wit, the error of

adhering to technical common law rules, against the more liberal jurisprudence of the age, and in the face of statutory enactments. Revision, § 2771, provides that, "when a married woman is a party, her husband must be joined with her, except, 1st. When the action concerns her separate property, or is founded on her own contract, she may sue and be sued alone." * * * * Both the petition and proofs show that this action concerns her separate property, and is founded on her own contract; she may therefore bring the action.

The judgment is                                        Reversed.