## HACKETT v. HIGH.

1. Practice: TRIAL OF EQUITABLE ISSUES: CIRCUIT COURT. The defendant, in an ordinary action, may plead equitable matters in defense, and have the issues thus presented tried in the manner provided for the trial of equitable actions; and the court may order, and the better practice would dictate, that these issues be first tried.

2. —— These rules are applicable to the Circuit as well as to the District Court.

*Appeal from General Term, Ninth District (Black Hawk County).*

### TUESDAY, APRIL 26.

PLAINTIFF claims upon an account for money lent, for work and labor, and for goods sold and delivered. The answer is in denial; to the jurisdiction of the court; avers payment as to part; and pleads a set-off. Then, in the seventh division of the answer, it is stated that plaintiff and defendant on, etc., entered into partnership; that this continued for, etc.; that all the items contained in plaintiff's account were partnership property — belonged to the firm, and were received by him, if at all, as a member thereof. It is further stated that the business of the copartnership remains wholly unsettled; that there was received by the partners a large sum of money, of which defendant received, etc., and paid out, etc., while plaintiff received, etc., leaving in his hands, by the terms of their

copartnership agreement, a large sum belonging to the defendant. It is then asked that the copartnership be dissolved; an account taken; property sold; the just liabilities paid; and the surplus divided according to their respective interests.

This answer was duly verified. Plaintiff (the cause being in the Circuit Court) moved to strike out all those portions of the answer which set up the partnership and claimed rights or relief thereunder. This motion was overruled. He then demanded a jury to try the issues joined, so far as they related to his account. This also was denied, the court sustaining defendant's motion to try the *equitable issues*. To all this plaintiff excepted, and, complaining of the action of the General Term affirming these rulings, he appeals to this court.

*Bois, Allen & Couch* for the appellant.

*G. Bishop* for the appellee.

WRIGHT, J. — If this had been a proceeding in the District Court there could be no question as to the correctness of the order of which appellant complains. For under the sixth subdivision of section 2880 (Rev.), defendant had a right to plead this equitable matter; and then, by section 2617, the right to have the issue thus presented tried in the manner provided for the trial of equitable issues, is very clearly prescribed. And it would be entirely competent for the court to order, indeed good practice would demand, under ordinary circumstances, that such issues should be first tried and settled. This practice and rule has been heretofore recognized and upheld in this court. *Kramer* v. *Conger*, 16 Iowa, 434; *Byers* v. *Rodabaugh*, 17 id. 53.

The real inquiry, however, is whether these rules are applicable to a case pending in the Circuit Court. By

the act creating that court (chapter 86, laws 1868), it is declared that " it has jurisdiction concurrent with the District Court * * * to try and determine equitable issues arising in actions at law pending " therein. And it is further provided, that all statutes in force, respecting the venue and commencement of actions, the jurisdiction, process and practice of the District Court, the pleading and mode of trial in actions at law or in equity, shall be deemed applicable to said court, except where the same are inconsistent with said act. If, therefore, the issues presented in this case were *equitable*, it would seem that all controversy would be closed. And that the issues arising on the answer are strictly equitable, and to be tried as in cases " heretofore exclusively cognizable in equity," we feel quite clear. Plaintiff could not, without settlement with his partner, before the adjustment of their partnership affairs, and before dissolution, by suing him at law, deprive him of the right of having a settlement and adjustment in an equitable tribunal. Indeed, a well recognized part of the equity jurisdiction is the settlement of just such controversies.

This latter proposition is so familiar as not to need support, beyond its mere statement. And having thus decided the very case before us, we need not say more. In what cases the matter pleaded would raise an equitable issue, within the meaning of the statute, or what, if any, general rule could or would be given or established on the subject, is unnecessary now to announce. Simply remarking that we have found it not free from difficulty, we pass it until it more legitimately arises.

Affirmed.