## Struman v. Robb *et al.*

1. **Pleading:** EQUITABLE DEFENSE IN COURT. An equitable defense may be pleaded to an action at law pending in the circuit court.

2. **Replevin:** ACTION ON BOND: DEFENSES. Attached goods were replevied. The plaintiff failed in the replevin suit, and judgment was also rendered against him in the attachment proceeding, on which execution was issued and levied on the goods. An action was also brought against the sureties in the replevin bond. *Held*, in this latter action, that the sureties were entitled to have the proceeds of the sale of the goods, to which they offered to surrender all claim, first applied in discharge of their liability on the replevin bond, and that the right to have them so applied constituted, to that extent, an equitable defense to the action.

*Appeal from Madison Circuit Court.*

TUESDAY, OCTOBER 21.

ACTION upon a replevin bond for $6,000, given by Melvin Stone as principal and these defendants as sureties, in an action of replevin brought by said Stone against John B. Struman and J. S. Tullis, sheriff, etc. The plaintiff, in his petition, averred the execution of the bond, the breach of it and his damages. The defendants, for answer, admit the execution of the bond by them as sureties, and deny the breach and damages. Afterward, and for a further answer and for a crosspetition, the defendants aver that, on April 9, 1870, this plaintiff commenced an action against Melvin Stone, by attachment, and thereunder seized his stock of hardware, tinware, stoves, etc., and one note made by this plaintiff to one T. S. Stone; that, on April 21, 1870, Melvin Stone commenced his action of

replevin against this plaintiff and the sheriff for the stock of hardware, etc., thus attached, and in that action the bond sued on was executed, the defendants herein being sureties only, and by the writ of replevin in that action, the said stock and note was taken and returned to said Melvin Stone, who had retained the same, except that he had sold parts thereof in the course of his business, and had with money received therefor replaced them with other like articles, and on October 10, 1871, he had said stock of hardware, etc., in his store and undisposed of, to the value of $2,200; that, on the last named day, this plaintiff recovered a judgment against said Stone in his attachment, sued for $4,349.79 debt, and $333.12 costs, having, on January 26, 1871, recovered judgment against said Stone in the replevin action, and obtained an order for the return of the property; that these defendants, having learned that said Stone had disposed of his property to defraud his creditors, did on October 17, 1871, sue him, obtain a writ of attachment and have it levied upon said stock of hardware, etc.; that, on January 20, 1871, said Stone recovered judgment against this plaintiff on the note replevied, for $335.45, which is still due and unpaid; that October 11, 1871, J. S. McCaughan and N. Wainwright filed a claim, an attorney's lien, for $250, on said judgment, for balance of account for services, etc.; that plaintiff had a special execution issued upon his judgment in the attachment suit, and afterward and before levy or sale ordered it returned, and at once had a general execution issued, and October 17, 1871, caused it to be levied upon the stock of hardware worth $2,200 as aforesaid, for the purpose of selling the same and having the proceeds applied on the judgment in the attachment suit, and not on defendant's liability on the replevin bond; and that Melvin Stone is insolvent; that they offer to release all their claim on the stock of hardware, etc., if the proceeds of the sale of it are applied on their liability upon the replevin bond. They ask that the proceeds of the stock of hardware, etc., and the judgment obtained on the note by Stone against this plaintiff be applied on their liability upon the replevin bond; that the

lien of the attorneys may be canceled, and for all proper relief, etc.

To this answer and cross-petition the plaintiff demurred, in substance, because the facts stated did not constitute a defense or cross-action, specifying wherein. This demurrer was sustained; and on the general denial, etc., a trial was had to the court, and judgment was rendered for plaintiff for $3,114.95. The defendants appeal.

*Yocum & Robb* and *B. F. Murray* for the appellants.

*John Leonard* and *Eli Wilkin* for the appellee.

COLE, J. — In our opinion, the demurrer should have been overruled. The facts constitute an equitable defense *pro tanto*. Such a defense may be pleaded in the circuit court. *Hackett* v. *High*, 28 Iowa, 539; *Walker* v. *Kynett*, 32 id. 524. To the extent of the judgment recovered by Stone against this plaintiff upon the note replevied, and for which replevin these defendants became sureties, the right to a set-off in equity cannot, it seems to us, be well doubted. *Ballinger* v. *Tarbell*, 16 Iowa, 491. Whether this right of set-off would extend to the whole judgment, or only to that amount remaining after satisfying the attorney's lien thereon, we ought not now to decide. See *Hunt* v. *Sheets*, 21 Iowa, 501. The right in equity to have the stock of hardware, etc., also applied to the satisfaction of the indebtedness for which these defendants, sureties, are liable, seems to us equally clear. The ground upon which we rest the opinion is this: The plaintiff seized the property under an attachment; these defendants, by becoming sureties for the replevin, placed their bond as surety to the plaintiff, instead of the property. Now, he may have the property sold and take the value, and have his remedy on the bond for the balance, or he may leave the property to the sureties and have full remedy on the bond; but he may not, under the facts stated, appropriate the property to another use, and hold defendants on the bond also.

Reversed.