J. H. SHELDON, Appellant, v. T. H. STEELE, Appellee.

**Payment by Treasurer for Tax Purchaser in Default: IS VOLUNTARY:**
*Custom.* In an action by a county treasurer to recover money alleged to have been paid by him under a custom or implied agreement that he was to pay the county for all certificates of tax sales to defendant, and receive a credit therefor in his account as treasurer in a certain bank, it appeared that plaintiff had presented the certificates, and that defendant refused to take them, after which plaintiff made the payment alleged. *Held,* that such payment was voluntary, and hence there could be no recovery.

*Recovery.* Code, sections 1423, 1426, provide that the purchaser at a tax sale shall forthwith pay the amount bid to the treasurer, and on failure to do so the land shall at once be again offered as if no such sale had been made. Section 1432, after providing as to the preparation, signing, and delivering of certificates of purchase, declares that, if any person is the purchaser of more than one parcel, he may have the whole included in one certificate, but that each parcel shall be separately described. Sales of land were made to a party who did not pay for it at the time, and on his refusal to do so thereafter the county treasurer did so. *Held,* that an action would not lie by the treasurer against such party to recover the amount paid; the sales being incomplete, under sections 1423 and 1426, by reason of the purchaser's failure to pay, and section 1432 not operating to extend the time of payment.

**Review on Appeal:** HARMLESS ERROR: *Ruling on abandoned demurrer.* Where defenses in an action to which demurrers are filed are thereafter abandoned, the overruling of such demurrers, though erroneous, is without prejudice, so as not to be ground for reversal.

*Appeal from Cherokee District Court.*—HON. F. R. GAYNOR, Judge.

SATURDAY, OCTOBER 12, 1901.

ACTION to recover $212.40, alleged to have been paid by plaintiff "at the oral and implied request and for the benefit of said defendant." Defendant answered, denying generally, and pleading certain matters as affirmative defenses. A jury was waived, the case tried to the court, and judgment rendered dismissing plaintiff's petition, from which he appeals.—*Affirmed.*

*Thomas McCulla* for appellant.

*E. C. Herrick* for appellee.

GIVEN, C. J.—I. The facts out of which this action grows are as follows: The plaintiff became treasurer of Cherokee county in January, 1896. At a tax sale held by

him as treasurer December 6, 1897, the defendant bid in a number of tracts and parcels of land, including two that were sold for delinquent personal taxes. Plaintiff had his certificates of sale prepared for each parcel to be sold, except the name of the purchaser, which was filled in as each tract was sold, including all those sold to the plaintiff. Ray Adsit, deputy county auditor, attended the sale, and kept a memorandum of the sales, which was afterwards transferred to the tax sale register, as required by section 1427 of the Code, which register shows all the sales, including those to the defendant. Plaintiff, as treasurer, had an account in the bank of T. S. Steele & Sons, of which defendant was a member, and which, by reason of the death of the senior Steele, was in December, 1897, changed to Steele's Bank. Shortly after the tax sale the plaintiff presented certificates of sale to the defendant of the several tracts bid in by him, and asked to be credited with the aggregate amount thereof on his account as treasurer. The defendant received and credited all the certificates except the two in question, which were equal to the value of the property. Plaintiff testifying, states the transaction as follows: "I paid to Cherokee county the amounts of these tax certificates, I carried a check as my own for quite a while before I put up the cash. I paid the money in December, when the check went to the waste basket. It was the very last of December when I paid the money. I carried the certificates as cash until Mr. Steele refused to take them; then, the same night that Mr. Steele refused to take them, placed the check. In other words, the transaction was simply this: I put up the land at tax sale. Mr. Steele bid on the lands. I filled in the certificates at that time, retained them in my possession until Mr. Steele refused to take them, then drew a check for the amount. What I credited was an ordinary check drawn on the Citizens Bank at Marcus for the amount, signed by myself, and payable to myself. I presume that

the way the check read was, 'Citizens Bank of Marcus: Pay to the order of J. H. Sheldon' so much money, and signed, 'J. H. Sheldon;' and I carried this as a memorandum until I paid out the cash, and that constituted the entire transaction, so far as any cash business on my part was concerned."

II.   The court overruled plaintiff's demurrer to parts of defendant's answer, and of this the plaintiff complains. As the defenses demurred to were abandoned on the trial, there was no prejudice in the ruling, even if erroneous.   Plaintiff also complains of certain rulings on evidence, but, as we view the case, there was no prejudicial error in the rulings, and they require no further notice.

III.   Plaintiff alleges and contends that there was a custom and agreement between him and the defendant by which he was to pay for all these certificates, and receive credit therefor in his account as treasurer in the bank. There was such a custom as to taxes which the defendant wanted to pay for himself and others.   He would make out a list of what he wanted to pay, and hand it to the treasurer, who would make out and give to the defendant tax receipts therefor, and receive credit for the amount.   The evidence is not so satisfactory that such a custom or agreement existed as to tax-sale certificates, but, conceding that there was, a reason appears why the plaintiff cannot recover.   He sues as an individual to recover for money paid by him "at the oral and implied request and for the benefit of said defendant."   If he paid it voluntarily, without request, he cannot recover.   *Richardson v. Blinkiron,* 76 Iowa, 255.   In addition to what we have quoted above, the plaintiff testified: "I went to the bank with the certificates, and he refused to take them, and it was after this that I drew the check."   If there was a request that plaintiff pay for these certificates for the defendant, it is

evident that the request was withdrawn before the plaintiff paid the money, and therefore the payment was voluntary. Counsel for plaintiff contends that the sales were complete, and therefore he is entitled to recover. The defendants bids being for the smallest portion, he was a purchaser. Code section 1423. Section 1426 provides that the purchaser "shall forthwith pay to the treasurer the amount bid, and on failure to do the same shall at once be again offered as if no such sale hade been made." The payment is to be made "forthwith;" that is, "immediately; without delay; directly; as soon as the thing required may be done by reasonable exertion confined to that object." Webster. In view of the provisions for again offering the property, it cannot be doubted but that the intention of the statute is that payment for each parcel or part shall be made immediately upon the part or parcel being sold. Section 1432 of the Code, after providing for the preparation, signing, and delivery of certificates of purchase, continues as follows: "If any person is the purchaser of more than one parcel, he may have the whole included in one certificate, but each parcel shall be separately described." It is contended that this modifies the former section as to the time of payment. But not so. There is no provision in either as to when the certificates shall be delivered, and under the latter section it is clear that they may not be delivered until after the sale is closed. Whether a sale is completed until the certificate is delivered, we need not determine, as it is manifest that it is not a complete sale until payment is made. The defendant having failed to pay for these parcels at the time they were struck off to him, it was the duty of the plaintiff to at once offer them again, and he elected to treat it as if payment was made at the risk of defendant's refusing to pay.

It follows from these conclusions that there was no error in dismissing the plaintiff's petition.—AFFIRMED.