John Tufts, Appellant, v. D. W. Norris.

**Compulsory Reference:** ACTION AT LAW:  *Defense involving mutual*
*accounts.*   Code, section 3435, provides that equitable issues
arising in ordinary proceedings may be tried as prescribed for
cases of an equitable nature.   Section 3735 provides for a com-

pulsory reference of issues requiring the examination of mutual accounts. Plaintiff sued on a note, and defendant pleaded the legal defense of partial want of consideration and partial payment, and as part payment claimed a credit or offset rising from the balance of a lengthy mutual account. *Held*, that though the matter of account was properly the subject of compulsory reference such a reference of all the issues in the case was an unwarrantable infringement of plaintiff's right of trial by jury.

SAME: *Matter pleaded as failure of consideration.* In an action on a note defendant pleaded failure of considertion, alleging that a note for $600 had been given plaintiff in payment for a tract of land, which plaintiff afterward refused to convey, acceding in which defendant considered the note cancelled, but afterwards unwittingly permitted the amount to become included in the note in suit. Defendant also pleaded payment in part, arising from a balance due on a mutual account, and included the $600 transaction as an item thereof. *Held*, that, having been separately pleaded as failure of considertion, the item was improperly included in the amount, and a reference for statement of the account should not have included this matter.

FURTHER REFERENCE. Revised Code, 1880, section 3295, providing that the report of referees may be set aside, and the matter again referred to the same or other referees, relates only to partition, and does not govern references of actions for trial.

ESTOPPEL TO OBJECT TO REFERENCE. One will not be estopped to complain of such reference because he moved for judgment on the report of the referee, he having previously excepted to the order of reference and his motion for judgment having been overruled.

*Appeal from Poweshiek District Court.*—HON. A. R. DEWEY, Judge.

SATURDAY, DECEMBER 21, 1901.

ACTION to recover amount due upon a promissory note. Defense: Payment in part, and in part, want of consideration, leaving due on said note, as averred by defendant, only the sum of $57.73, which is tendered in the answer. The claimed payments in part arose from the balance of a mutual account between the parties, which was set up by defendant. Upon defendant's motion, and against the ob-

jection of plaintiff, the cause was referred to one John F. Talbott, for findings of fact and conclusions of law thereon. The referee duly reported, recommending judgment in favor of plaintiff for the sum of $1,133.20. Upon the coming in of this report, plaintiff moved for judgment thereon. Defendant filed exceptions to the report, and moved that certain findings and conclusions be set aside. Defendant's exceptions and motion were sustained, and the court, proceeding to determine the issues on the evidence introduced before the referee as shown by a certain certified transcript thereof, adjudged that plaintiff should have and recover of defendant the sum of $138.66, and, this being less than an amount which defendant had tendered, the costs accruing after said tender were taxed to plaintiff. Plaintiff appeals.—*Reversed.*

*Haines & Lyman* for appellant.

*W. R. Lewis* for appellee.

WATERMAN, J,—Plaintiff's action was a simple one at law on a promissory note. The defenses pleaded, of payment and partial want of consideration, were legal defenses, and, upon the issues so raised, plaintiff had a right to a jury trial. The only matter pleaded which could have warranted a reference was the claimed credit on, or offset against, the note, arising from a balance of accounts between the parties. We do not understand that a plaintiff, in a law action, can be necessarily deprived of his right to a jury by pleading equitable matter in defenses. The cases involving accounts in which reference may be made without consent of parties, so far as the matter is material here, are those involving mutual accounts, such as were formerly cognizable in equity. Code, section 3735; *Mc-Martin v. Bingham,* 27 Iowa, 234. That is they are cases involving an equitable issue. Now, where an equitable defense is pleaded to a law action, while that issue may be

tried by the court, the right of plaintiff to a jury trial on the case he presents is not affected. Code, section 3435; *Byers v. Rodabaugh*, 17 Iowa, 53; *Hackett v. High*, 28 Iowa, 539. Doubtless the account here being mutual and lengthy, was such as should have been sent to a referee to be stated, but the claim of plaintiff, and the other defenses, should not have been sent with it. In so far as a reference is concerned, we think that rights of the parties should be deemed the same as where an equitable defense is pleaded in a law action. That is, only such special matter should have been heard without the intervention of a jury. The claimed failure of consideration arose, it is averred, in this way: Defendant had given plaintiff his note for $600 in payment for a tract of land. Plaintiff afterwards refused to part with the land, and, defendant acceding considered the note canceled. Still later, and unwittingly on defendant's part, the amount of this note was included in the instrument in suit. Now, it is true defendant, in the exbibit of his account, makes this $600 transaction one item thereof, charging it to plaintiff as a note canceled, but it is not properly there, so far as this case is concerned. It is pleaded as a matter of defense by him, distinct from the balance of account, and should not be included in any reference made. But it is said plaintiff waived his right to object to the reference, because he moved for judgment on the report of the referee, which was in his favor. He had previously excepted to the order of reference. If, when the report came in, he was content to accept it if the court would enter an order of confirmation, we do not see why he should lose his rights under the exception when the court refused its approval. An order of submission of the various motions was made, and, on this submission, the court overruled plaintiff's motion for judgment, sustained the exceptions in part of defendant, and also his motion to set aside the report of the referee, and, after considering the

evidence introduced before such referee, which had been preserved in writing, retried the case, and rendered judgment as stated. It is urged by plaintiff that this action was erroneous; that the cause should have been again referred or a new trial granted. *Lyons v. Harris,* 73 Iowa, 292, is cited to sustain this position. In view of our holding on the other branch of the case, a decision of this question is of no importance to the parties. It may be well to say, however, that the section of the Code referred to in the cited case relates to actions of partition, and does not govern instances of reference of actions for trial.

For the reasons given, the judgment is REVERSED.