F. F. FAVILLE, Receiver of the Farmers' and Merchants' State Bank of Linn Grove, Iowa, Appellee, v. MRS. WILLIAM LLOYD and GILBERT LOUTHAN, Administrator of the Estate of WILLIAM LLOYD, Deceased, Appellants.

**Trial:** TRANSFER TO EQUITY. Where the record in a law action as it stood at the time of its transfer to the equity docket failed to disclose the fact that there were other parties interested in a determination of the matters involved, and no reason was given, even if such fact appeared, why they might become necessary parties, nor any attempt to implead them, the transfer of the cause to equity on that account was erroneous.

**Mutual Accounts:** RIGHT TO TRIAL IN EQUITY. It is only in cases involving long and complicated mutual accounts, formerly triable in equity, that the right of compulsory reference and trial to the court exists under the statute; so that the trans-

fer of an action to the equity docket brought by the receiver of a bank to recover a balance due on a personal account with the bank, involving simply credits for deposits and debits for withdrawals, and which, aside from a contest over a single item, presented no equitable questions but related solely to the correctness of a part of the debit items, was without authority of law because not presenting a case of complicated mutual accounts.

Joinder of Actions. There can be a joinder of actions only where the several causes may be presented by the same kind of proceedings, by the same parties and in the same right or capacity; so that an action by the receiver of a bank to recover an overdraft due the bank on a personal account, can not be joined with his right of action against an estate to recover an overdraft by the administrator.

*Appeal from Buena Vista District Court.*—HON. A. D. BAILIE, Judge.

WEDNESDAY, DECEMBER 16, 1908.

THE opinion states the case.—*Reversed.*

*F. H. Helsell,* for appellants.

*F. F. Faville* and *James De Land,* for appellee.

WEAVER, J.—The plaintiff, as receiver for the insolvent Farmers' & Merchants' Bank of Linn Grove, instituted this action at law against the defendant Mrs. William Lloyd alone, to recover an alleged balance due upon her personal account with said bank. The items constituting the account were set out in a bill of particulars attached to the petition, and showed a total of deposits or credits of $5,320.85, and debits to the amount of $7,142.66, leaving an apparent balance against the defendant of $1,821.81. The defendant denies the claim thus stated, and alleges that she deposited in the bank the aggregate sum of $5,320.85, admits items charged against her in the plaintiff's bill of particulars to the amount of $3,941.61, and

claims a balance due her of $1,379.24. A jury was im-
paneled to try the issues thus joined, and on the third
day of said trial the defendant amended her answer by
alleging that one Mayne, who was the cashier and man-
ager in control of said bank prior to the appointment of
the receiver, was the administrator of her deceased hus-
band's estate; that the court, having jurisdiction of such
administration, granted her claim for allowance in the
sum of $1,000, and ordered said administrator to pay the
same; that said administrator collected and received the
moneys of said estate applicable to such purpose, more
than sufficient to pay said allowance, and deposited the
same in said bank, the fund being entered in a separate
account indicating its special or trust character; that said
allowance was not paid to or drawn out by the defendant
and the bank is still charged therewith upon its books,
and she asks that she may recover the sum so due her,
and that it may apply as a set-off against any just claim
the plaintiff may have against her.

The plaintiff in reply denied said counterclaim, and
later amended his reply, alleging that when William
Lloyd died he had an open and unsettled account with
the bank; that after the appointment of Mayne as ad-
ministrator he carried the account of said William Lloyd
into another, entitled "William Lloyd's estate account,"
which includes many different items, and at the date when
the bank ceased business showed a balance due the bank
from the said estate to the amount of $3,046.48. The
reply further alleges that said administrator opened and
carried still another account on the books of the bank,
entitled "William Lloyd's sale account," which continued
open and unsettled until the bank went into the hands
of the receiver, at which date it showed a credit balance
due said estate, or said administrator, of $2,174.95. It
is further alleged that these accounts, while kept separate
as a mere matter of convenience in bookkeeping, consti-

tuted in fact but one, and contained a continuous record of the business, beginning with William Lloyd in his lifetime, and continued under the several different titles above mentioned until the death of said administrator Mayne, and that when taken together, and the credit in one account set off against the debit in the other, there is shown no balance against the bank and no ground on which it can be charged with liability for said claim of $1,000.

Further replying, the plaintiff alleges that since the death of Mayne one Gilbert W. Louthan has been appointed administrator of the William Lloyd estate, which is still unsettled, and asks that he be made a party to this action, and time allowed for serving notice upon him. Said amendment concludes with a prayer or motion that, "it now appearing from all of the facts in connnection with and concerning this case, that there are numerous other parties who are heirs at law of William Lloyd, and creditors of said estate whose claims have not been settled or paid, who may be proper or necessary parties to the final determination of the questions involved in this proceeding; that the final trial and determination of this action under the pleadings as now presented will require the examination, investigation and proof of long and complicated mutual accounts between the parties"—therefore the court is asked to dismiss the jury and order the transfer of the case to the equity side of the calendar for trial to the court. A demurrer by defendant to the affirmative matter pleaded in the reply was overruled, the jury dismissed, and cause set down for trial as an equitable proceeding, and ordered that the administrator of the Lloyd estate be made a party thereto. These orders were made over the objection of the defendant, and the rulings thereon are assigned as error.

Thereafter the plaintiff filed a petition entitled in equity against the administrator Louthan, the substance

of which is the allegation of a claim by the receiver for allowance against said estate for the apparent balance due the bank on the several accounts already mentioned between the bank and the former administrator or between the bank and the estate represented by him. After the statement of this claim against the estate the pleader then undertakes to incorporate in this latter petition (by reference only) the allegations of the original petition and reply, and closes with a prayer for judgment against each of the defendants for the sums found due from them, respectively, after a proper accounting and allowance of their mutual debts and credits. A demurrer to this petition for insufficiency of allegation and misjoinder of parties being overruled, the defendant Louthan answered in denial, and pleaded the statute of limitations against the plaintiff's claim, and plaintiff replied, averring alleged equitable reasons to excuse the failure of the bank and its receiver to file and prove its claim within the time prescribed by law. The defendant Louthan then demanded a jury trial, which was refused, and error is also assigned on this ruling. Upon hearing the evidence the court entered a decree for the plaintiff by which it is found that, as between the bank and Mrs. Lloyd, the claim originally sued upon is correct, and Mrs. Lloyd is indebted to the bank or to its receiver for the full amount claimed from her, $1,821.81, subject only to a set-off or credit of $1,000 for the allowance made in her behalf, which should have been paid from the funds of the estate deposited in said bank by the administrator Mayne, leaving the net balance against her of $821.81 for which sum, with 6 percent interest from December 14, 1903, plaintiff was awarded a recovery. As between the plaintiff and the administrator Louthan the former was found and adjudged entitled to receive the sum of $1,871.53. The defendants appeal.

As to matters of pleading and practice, this case pre-

sents some unusual, if not anomalous, features. It was begun, as an ordinary action at law for the recovery of debt upon an open account, against the defendant Mrs. Eliza Lloyd alone. The answer and amended answer presented no equitable issue. In the midst of a jury trial, by way of amendment to his reply, the plaintiff set up facts which he conceived to be an equitable response to matters pleaded in the answer, and on his motion the jury was discharged, another defendant was brought in, and the action tried in equity. Looking to the pleadings in their final form, and giving them effect according to the appellee's contention, we find a composite, made up of an action at law against Mrs. Lloyd alone for the recovery of debt, an action in equity against Mrs. Lloyd and the administrator of her husband's estate jointly for the settlement of an alleged conflict of rights with respect to said estate, and a proceeding in probate against the administrator alone for the allowance of a claim. As the introduction of the so-called equitable issues, the bringing in of the administrator as a party, and the discharge of the jury, and transfer of the cause to the equity calendar were ordered over the objection of Mrs. Lloyd, and the subsequent joinder of actions and trial to the court were excepted to by both defendants, it is necessary at the outset to consider the propriety of these rulings.

In the first place we are clearly of the opinion that, even admitting the right of the plaintiff to plead, as set forth in its amended reply, it contains nothing cognizable 1. TRIAL: transfer to equity. in equity, nor any issue which could not properly have been submitted to the jury. The reasons assigned by counsel for dismissing the jury and trying the cause in equity are: First, that it appears from all of the facts in connection with the case that there are numerous other parties who are heirs at law of William Lloyd, or creditors of his estate whose claims have not been settled or paid, who may be proper or

necessary parties to the final determination of the questions involved in this proceeding; second, that the trial will require the examination and proof of long and complicated mutual accounts. Of the first of said reasons we conclude it was made use of by counsel as a matter of euphony, for the record as it then stood disclosed nothing whatever with respect to heirs of William Lloyd or claims of creditors against his estate; and, even if such facts did appear, there was an utter absence of any showing made or reasons given why such persons might become necessary parties, and there was not, in fact, at any time any attempt to implead such parties or any of them.

As to the second reason, neither the length of the account sued upon nor the number of items, debit or credit, of which it is composed, constituted any ground for invoking the equitable jurisdiction of the court. The statute on which the appellee apparently relied for the transfer of the case to equity (Code, section 3735), providing for compulsory reference in actions involving the examination of accounts, has frequently been held to have application only in cases formerly triable in equity. *McMartin v. Bingham,* 27 Iowa, 234; *District Township v. Bulles,* 69 Iowa, 525; *Galusha v. Wendt,* 114 Iowa, 616; *Tufts v. Norris,* 115 Iowa, 250; *Frick v. Kabaker,* 116 Iowa, 494. It is true that in cases involving the settlement of long and complicated mutual accounts, equitable jurisdiction is sometimes upheld. *Township Lot Co. v. Walker,* 50 Iowa, 376. But the litigation between the plaintiff as receiver and Mrs. Lloyd as sole defendant in the original case presents no case of mutual accounts within the meaning of the rule last stated. It involves the receiver's account alone. He credits said defendant with deposits of $5,320.85, and this is all of the credit she claims, except the single item of $1,000 growing out of her allowance from her husband's estate. Aside from the contest over

2. MUTUAL ACCOUNTS: right to trial in equity.

this one item, which in itself presents no equitable features, the issue between these parties relates solely and only to the correctness of a part of the debit items in the account sued upon. If such an action be not one at law, it would be difficult to conceive of any action, upon an open account, in which a party may not be deprived of a jury trial. In *District Township v. Bulles,* 69 Iowa, 525, the plaintiff sought to recover a balance due from its treasurer upon an account covering several years' transactions, and involving the consideration of several hundred items of debit and credit. An order for compulsory reference was held erroneous, the court saying, "there is not a single element which pertains to the jurisdiction of equity" involved in such controversy. In *Frick v. Kabaker, supra,* there was in issue an open account, in which the items of charge were exceedingly numerous, covering one hundred and sixteen pages of printed record, against which were six items of credit for payments made, and this was held not to present a case of mutual accounts justifying the interposition of equity. The issue upon each disputed item which the receiver charges to the account of Mrs. Lloyd is one of mere fact, whether said defendant, either by herself or by another, drew from the bank several of the items of each so charged to her, and this is certainly a proper question for the verdict of a jury.

If there be any complication in the case upon which a jury of intelligent men might be confused or misled, it arises solely from the erroneous attempt to combine 3. JOINDER OF with this simple law issue between the re- ACTIONS. ceiver and Mrs. Lloyd other and foreign issues between the receiver and the administrator of the estate of William Lloyd. There can be a joinder of actions only where the several causes of action may be prosecuted by the same kind of proceedings and are held by the same party, and against the same party and in

the same right or capacity. Code, section 3545. The propriety of such limitation and the inextricable confusion of issues which is sure to follow a departure therefrom will be quite apparent upon a little reflection. The order of which the appellants here complain overlooks this statutory restriction. Appellee's right of action, if any, against Eliza Lloyd is for an overdraft upon her personal bank .account, and his right of action against the estate of William Lloyd, for an overdraft by a former administrator of said estate, is not against the same person, nor triable by the same proceedings; and, if he has any right to join Mrs. Lloyd with the administrator, as defendants in the same action for equitable relief in the matter of settling said estate, it must be done in an independent proceeding. It can not properly be joined with his claim against Mrs. Lloyd upon her individual or personal account. It is not a sufficient response to this objection to say that defendant's amendment to her answer, setting up an item of $1,000 as a counterclaim or set-off, gave occasion for the matter pleaded in the amended reply. If said answer pleaded matter which did not constitute a defense or counterclaim, or tendered an immaterial or irrelevant issue, it should have been eliminated by motion or demurrer. And whether said matter was pleaded properly or improperly, it could give the plaintiff no license to ignore the rule governing the joinder of causes of action. In our opinion, as already indicated, the joinder in this instance was improperly allowed, and the right to a jury trial erroneously denied. Numerous other questions relating to the admission or effect of testimony have been raised in argument of counsel, but the objections thus presented for our consideration may not arise upon a new trial. It is well known that in the trial of cases without a jury, and especially where the issues are treated as of an equitable character, the trial courts of this state are not disposed to rule very technically upon matters of evidence, and much is admitted which

would be excluded upon trial to a jury. We are not disposed, therefore, to examine the record very critically in this respect; and, in view of the probability that the retrial, if had, will be upon greatly simplified issues, we shall not extend the opinion for the discussion of other alleged errors.

For the reasons stated, the decree of the district court is reversed, and the case is remanded, for further proceedings not inconsistent with the views hereinbefore expressed. —*Reversed.*