H. A. Tinker, Appellant, v. Farmers State Bank of Charter Oak, Appellee.

**TRIAL: Proper Calendar—Law Issues—Transfer In Toto to Equity.**
1  Transfer *in toto* to equity, thereby depriving a litigant of the right to trial by jury, is not permissible when defendant's denied counterclaim to an admitted petition at law presents a pure law question, and the only basis for such transfer is the tender, by defendant, by way of cross-petition, of an equitable issue, *which could only be entertained provided `defendant wins on the law issues.*

**TRIAL: Proper Calendar—Unwarranted Transfer to and Trial in Equity—Effect.**
2  A trial in equity, against the protest of plaintiff, *when no right to transfer to equity exists*, is a nullity.

PRINCIPLE APPLIED:   A petition pleaded for the recovery of $672, as money belonging to plaintiff and on deposit in defendant's bank.   Defendant met the petition by an answer denying none of the allegations of the petition.   Defendant also pleaded a counterclaim, to the effect that plaintiff, while in defendant's employ, was negligent in handling defendant's business; that defendant suffered damages by reason of said negligence in the sum of $3,000; that plaintiff and defendant had agreed that the said $672 should be credited on said damages, and defendant prayed for judgment for the balance of its said damages.   Defendant also pleaded, by way of cross-petition, that plaintiff had agreed to give defendant a trust deed to certain lands as security for said balance of damages; that plaintiff had failed to execute said deed; and defendant asks a specific performance of such agreement.   Defendant moved to transfer the cause *in toto* to equity.   The motion was sustained.

Plaintiff answered the counterclaim and replied to the cross-petition, taking issue on both pleadings.   *Held*, the transfer *in toto* to equity could not be sustained.

*Appeal from Crawford District Court.*—F. M. POWERS, Judge.

SATURDAY, DECEMBER 16, 1916.

OPINION states the facts.   Decree for the defendant in the court below.   Plaintiff appeals.—*Reversed.*

*B. I. Salinger,* for appellant.

*Conner and Lally,* for appellee.

GAYNOR, J.—The plaintiff filed a petition in this cause, alleging that, at one time, he was employed as cashier of the defendant bank at a salary of $1,100 a year; that, while so employed, he deposited money with the defendant, against which, from time to time, he drew checks; that he left defendant's employment on the 6th day of June, 1909, and that, at that time, there was due him on account of his earnings and deposits in the bank, the sum of $872.66; that since that time, defendant has paid him the sum of $200, so that there

1. TRIAL: proper calendar: law issues: transfer *in toto* to equity.

is now due and owing the plaintiff the sum of $672.66. For this he asks judgment, with interest.

The defendant filed answer to plaintiff's petition, in which it admitted that plaintiff was in defendant's employ as cashier, from November, 1906, until the 6th day of June, 1909, but made no denial of any allegation in the petition.

At the same time, defendant filed what is denominated an answer and counterclaim, in which it alleged that, when plaintiff was first employed, he represented to defendant that he was a careful, capable, able, discreet and experienced bank cashier, and that, if employed, he would carefully and discreetly and cautiously discharge the duties of cashier; that this representation and agreement were the inducement to his employment; that, as such cashier, it was his duty to exercise reasonable care, caution, judgment and discretion in loaning the funds of the bank, and in selecting parties to whom the funds could be safely loaned, and to loan to parties only who were financially able to repay; that he was negligent and careless in this; that, as such cashier, he loaned the moneys of the bank to persons notoriously unfit to receive credit at the bank; that he had been repeatedly warned not to loan the bank's money to men of that character; that, in utter disregard of his duties and obligations as cashier, he loaned money of the bank to one Habinck, in the sum of $954.90; to one Wilson, in the sum of $1,600; to one Severson, in the sum of $200; to one Rawlins, in the sum of $300; that these parties were worthless, and irresponsible, and notoriously so; that he took no proper security; that they were wholly irresponsible financially, and not entitled to credit, and known to be unworthy of credit; that said loans were made after plaintiff had been frequently warned not to make them, and after he had been notified by the directors and officers of defendant bank not to make them; that said worthless loans aggregated $3,054.95; that said loans were, and at all times since have been, worthless, and of no value and uncollectible, and still remain so; that, when defendant bank

learned of the negligence of the plaintiff, and of the making of these loans, it called on plaintiff to make good the loss; that thereafter, a full settlement was had between the plaintiff and the defendant, by which it was agreed that defendant would pay to plaintiff $200 of the amount on deposit, and the balance of the amount on deposit, as claimed by plaintiff in his petition, was turned over to defendant, in part satisfaction of the loss so caused by the plaintiff; that, after the payment of the said $200, and in consideration thereof, it was understood and agreed between the parties that the defendant should retain the balance of the money in the bank to the credit of the plaintiff, in part settlement of the loss aforesaid; that, in addition to said relinquishment, it was agreed that plaintiff should execute to defendant a trust deed to a certain 80 acres of land in Monona County, which he then represented he owned, that he would deliver a trust deed to said land, in order to protect and secure the bank against said loss, and agreed that the matters in dispute should be settled as hereinafter stated. It was also orally agreed that, if defendant did not bring suit to recover said loss and damage, or call on plaintiff's bondsmen to make good the damage resulting from such negligence of the plaintiff, and would pay the plaintiff the $200, he would release his claim to the balance on deposit, and would give the trust deed aforesaid.

It further alleged that plaintiff has failed to make the deed as agreed, and defendant asks judgment for the amount of the loss so incurred.

To this answer and counterclaim was attached what is denominated a cross-petition, which adopts all the allegations of the answer and counterclaim, and further alleges that defendant is entitled to a decree compelling plaintiff to execute the mortgage on said land, and a decree finding that defendant is entitled to the amount of its damage, and a decree compelling plaintiff specifically to perform his agreement, and to execute a trust deed on said land as agreed by

him, for the purpose of securing and protecting it on account of the loss and damage which it has sustained by said negligence of the plaintiff, and which prays further, general equitable relief, and prays that the cause be transferred to equity for trial.

Thereupon the defendant filed the following motion:

"Comes now the defendant and moves the court to transfer the cause to equity calendar for trial, as the issues presented are of an equitable character, and make it an equity case for the purposes of the trial."

On the 16th day of November, this motion was sustained, and the cause transferred to the equity side.

Thereafter, the plaintiff filed an answer as follows: Denies each and every allegation of defendant's counterclaim and cross-petition, except such as the answer expressly admits; admits having loaned to Habinck, Wilson and Severson the sums alleged; admits that, since he left the employment of the defendant, it has paid him $200; avers that the same was his own money; admits that he failed to make and deliver to the defendant any trust deed upon land in Monona County; avers that the court has no jurisdiction, sitting as a court of equity, to hear and determine this suit, and that the defendant has a plain, speedy and adequate remedy at law; prays that the suit be dismissed at the cost of the defendant, and, at all events, the cross-petition.

Thereupon, plaintiff filed a reply. Pleads the matters hereinbefore stated, in addition to the denial created by law, and that there is no consideration for any of the agreements alleged in the answer of the defendant; and that such agreement is within the statute of frauds; that the alleged settlement is not enforceable; that the settlement is not shown to have been completed; that the defendant has a plain, speedy and adequate remedy at law.

Before the commencement of the trial, the plaintiff made the following objection:

"This court has heretofore ordered that this case be

transferred to equity, and this has been done under exceptions on the part of the plaintiff. Before proceeding with this trial and with this cause as an equity suit, before proceeding with this trial as in equity, the plaintiff objects to proceeding with this cause as an equity suit, and plaintiff demands a jury trial on the issues made by his petition, the answer of defendant and the counterclaim of defendant, and he asserts that there is nothing triable to a court of equity, and that court has no jurisdiction herein, unless it be of the naked question of whether specific performance should be granted; and as to such, no demand is made for jury trial."

Upon the issue thus tendered, it is urged that the court erred in sustaining the motion to transfer the entire cause to equity, and in trying it as an equity cause, and thereby denying the plaintiff the right to be heard to a jury upon the law issues tendered.

Section 3566 of the Code, 1897, provides that the answer may contain a general denial, a special denial, a statement of any new matter constituting a defense, or a statement of any new matter constituting a counterclaim. The plaintiff brought his action at law; presented a claim which was triable at law. Defendant appeared to this claim and filed an answer, not denying the allegations of plaintiff's petition, but pleading a counterclaim against the claim of the petition. After admitting its indebtedness to the plaintiff, it alleged that the plaintiff was indebted to it, on account of certain losses incurred by it through the negligence of the plaintiff, and prayed for judgment against the plaintiff for the amount of the loss. This clearly presented a law issue. If, upon the hearing of this issue, the defendant did not prevail in the establishment of the truth of the matters alleged, upon which the counterclaim was based, then the plaintiff was clearly entitled to judgment for the amount of his claim, and defendant was entitled, then, to no equitable relief, because there was nothing upon which the equitable relief could rest. After it had tendered this issue with the plaintiff, triable clearly at

law, it recapitulated in its cross-petition all the matters upon
which this counterclaim rested, and asked for equitable relief
based upon a finding in its favor of the facts alleged in its
counterclaim, as recapitulated in the cross-petition. In this
cross-petition, it prayed for the same relief prayed for in
its counterclaim, and further for equitable relief, to wit,
that the plaintiff be compelled to execute a trust deed of
the land as agreed by him, to secure the amount sued for in
the counterclaim. The only matter, then, of equitable cog-
nizance in the petition, was involved in the agreement to give
a trust deed to secure a balance due, if any balance should
be ascertained to be due. Now the defendant having in the
first place tendered issue with the plaintiff upon the law side
of the calendar—an issue upon which he had and assumed
the burden of proof—it is apparent that, if it failed in this,
it would in no event be entitled to the equitable relief prayed
for in its cross-petition. The law issue and the equitable
issue were clearly separable, one tendered by the defendant
on the law side, and the other tendered by the defendant on
the equity side of the calendar. The matters tendered in the
counterclaim were clearly of legal cognizance, and invoked
no jurisdiction on the equity side of the calendar. On the
issue there tendered, the plaintiff was clearly entitled to a
jury trial. A determination on the law side of the calendar
of the issues tendered by the counterclaim, if found in plain-
tiff's favor, or against defendant, left nothing in the matters
alleged in the cross-petition of equitable cognizance to be tried
at all, because the very basis for the equitable relief must first
be determined in the issues tendered on the law side of the
calendar, and, as to these issues, as said before, the plaintiff
was entitled to be heard before a jury. If, however, the de-
fendant prevailed in its counterclaim upon the law side, then
for the first time arose a necessity for establishing the equit-
able rights of the defendant involved in its cross-petition.
Section 3435 of the Code, 1897, provides:

"Where the action has been properly commenced by

ordinary proceedings, either party shall have the right, by motion, to have any issue heretofore exclusively cognizable in equity tried in the manner hereinafter prescribed in cases of equitable proceedings; and if all the issues were such, though none were exclusively so, the defendant shall be entitled to have them all tried as in cases of equitable proceedings.''

Code Section 3566 provides that, in answering, the defendant has the right to set forth as many causes of defense or counterclaim, whether legal or equitable, as he may have. It will be noted that the thought in Section 3435 is that, where an action is commenced by ordinary proceedings, it shall continue on the law side and be disposed of on that side of the calendar, unless there is injected into the case, by one party or the other, an issue heretofore cognizable in equity; and the statute provides that, when such issue is injected into the case, he may have that issue tried as in equity. Or if all the issues, when the pleadings are finally framed, are of equitable cognizance, though none are exclusively so, it may all be tried as in equity, and as an equitable action. It follows, therefore, that, where an issue is tendered at law, and there is injected into it an issue cognizable in equity, then the issue so tendered, cognizable in equity, may, on motion, be tried as in equity; or, if the issues, though primarily commenced at law, when finally framed are all cognizable in equity, though none are exclusively so, then the whole case may be tried as in equity. It follows, therefore, that, where an issue is tendered at law, determinable on the law side of the calendar as to the law issues so tendered, the plaintiff is entitled to be heard before a jury. If there be injected into the case an issue triable at equity, whether exclusively cognizable in equity or not, that issue may be transferred to the equity side of the calendar, without impinging upon the plaintiff's right to be heard on the law side upon the issues tendered there. As said in *Johnston & Son v. Robuck*, 104 Iowa 523:

"Under Section 3435 of the Code, on motion, issues cognizable in equity may be transferred to the equity side, but not the issues at law, and no motion is required to have these tried separately in the proper forum."

It is said, in *Byers v. Rodabaugh,* 17 Iowa 53, "that the right to have an action transferred from one docket to another arises only where the plaintiff has brought his action by the wrong proceedings; that is, where he has brought his action by ordinary, when he should have adopted equitable, proceedings and *e converso.*"

It is apparent from this that there is no such thing as transferring a case from the law court to the equity court, unless the action originally brought was in the wrong forum. But where the action is rightly brought in the law forum, and equitable issues are injected into the law action, the court separates the equitable issues from the law issues, and tries the law issues to a jury, and the equitable issues to the court. In our practice, the same court performs the functions both on the law and on the equity side of the calendar, so that, as to the forum, the forum in which the action is brought disposes of the whole matter, taking the law issues to the jury and the equitable issues to the court. The issues cognizable in equity are tried as equitable proceedings; that is, to the court without a jury, under the rules governing equitable procedure. The law issues, not being cognizable in equity, are tried as issues at law; that is, to a jury. So the equitable issues alone are to be tried as in equity, and pure issues at law are tried to a jury. What is the situation here? The plaintiff commenced his action by ordinary proceedings in the law forum. The defendant appeared in that forum and joined issue with him, filing a counterclaim in which no equitable relief was asked. In the same forum, it filed its cross-petition, in which it adopted all the allegations of its counterclaim, the counterclaim clearly not being cognizable in equity. It asked, in addition to the relief prayed for in its counterclaim, relief which was cognizable in equity, but

to which it was not entitled, and could not be entitled unless it first prevailed in the issue tendered in its counterclaim. It may be said that the plaintiff's claim was not in dispute. This, however, is hardly true. His right to recover the amount claimed was denied, because of the facts pleaded in the counterclaim. The counterclaim urged a state of facts which, at law, if proven, swallowed up all that the plaintiff claimed, and left him liable for a balance to the defendant. Whether he should lose the amount of his claim and have a judgment entered against him upon the counterclaim, was a matter upon which he had a right to be heard before a jury. It presented an issue clearly of legal cognizance. This could be clearly separated from the claim which the defendant made for equitable relief, and the equitable relief sought for depended upon the finding in the law action of the ultimate fact in controversy there, to wit, the liability of the plaintiff to the defendant upon the facts alleged in the counterclaim. The wrong upon which the counterclaim was predicated antedated the agreement upon which the equitable relief was predicated. The liability, if any existed, had arisen and existed at the time it is alleged this agreement was made. The liability was unliquidated and undetermined. In the counterclaim, the defendant sought to have this determined. It alleged it and urged it against plaintiff's claim. If determined in defendant's favor, then, if justified by the facts and the law, it might obtain the relief prayed for in its cross-petition, to wit, the specific performance of the agreement to give a trust deed to secure the balance so found. If equitable issues are presented by the defendant, it may, on motion, have these equitable issues tried in equity, but in no event has it a right to impinge upon or impair plaintiff's right to be heard on the issues tendered in law. There were issues tendered here at law, and they were never withdrawn. The authorities are uniform in holding, we think, that, where a law issue is presented, and equitable issues are injected by the defendant, either in answer or by way of cross-petition,

the right of the plaintiff still remains to be heard on the law side as to the issues tendered of legal cognizance. Equitable issues, if any are interposed, may be tried and disposed of in equity, without impinging upon plaintiff's right to be heard on the law side as to matters of legal cognizance involved on the law side, if any of such issues remain thereafter for disposition. It is claimed, therefore, that the court erred in transferring to the equity side of the calendar the entire case, thus depriving plaintiff of his right to be heard upon the issues tendered in the counterclaim which were of legal cognizance. It is true that in some of the earlier cases, to wit, *Kramer v. Conger,* 16 Iowa 434, it is held that, where equitable issues are presented, they should be tried first. This is not always true, and that fact is recognized in the *Kramer* case. In that case it is said:

"Where, as in this case, an equitable defense is set up, that issue should be tried as in equitable proceedings, . . . and if the equitable defense is found insufficient, the legal issue, if any remains, should be tried by a jury, unless a jury is waived. If the equitable defense is found sufficient, the court may, in a proper case made, grant complete relief."

That is, where the equitable defense is a complete defense to the matter involved on the law side. It does not follow, however, that, simply because a defendant asks affirmative equitable relief based upon a finding in his favor upon the law side, he is entitled to have the law issue tried in equity, because of the fact that he is asking affirmative equitable relief which can only be granted in the event he is entitled to the relief prayed for on the law side. To the same effect is *Van Orman v. Spafford,* 16 Iowa 186, 190; *Hackett v. High,* 28 Iowa 539. In speaking of these cases, this court, in *Morris v. Merritt,* 52 Iowa 496, said:

"In some of these cases it is said that the equitable issues should be first tried. This course, we presume, should be pursued when the trial of the equitable issue in a certain event would dispose of the case. But if the trial of the law issue

would, in the event of a verdict for one of the parties, render a trial of the equitable issue unnecessary, in that case the issue at law should be first tried. The issue, either equitable or at law, should be first tried which may result in rendering a further trial unnecessary. This rule is supported by reasons based upon the economical and speedy administration of justice. If a single trial will dispose of a case, the law will not permit another. If the disposition of one issue may finally settle the rights of the parties, it should be first tried, to the end that further proceedings may be dispensed with.''

As bearing upon this same thought see *Twogood v. Allee,* 125 Iowa 59. To the same effect is *Johnston & Son v. Robuck,* 104 Iowa 523, in which it is said:

''Where a trial at law will practically settle all matters in controversy, it ought to be first had.''

To the same effect is *Thatcher v. Stickney Bros.,* 88 Iowa 454. The holding in that case is that, if the equitable issue disposes of the case completely, it should be first tried. See also *Weseman v. Graham,* 157 Iowa 430; *Lynch v. Schemmel,* 176 Iowa 499. Thus, to illustrate: The plaintiff brings an action on the covenants of warranty in a deed, against encumbrance, claiming that, at the time the deed was delivered, the land was encumbered, and alleging that there was a breach of warranty, in that he has been compelled to pay the encumbrances, and asking judgment against the defendant for the amount so paid. The defendant answers that, while the deed, upon its face, contains the warranties, yet these warranties relied upon were inserted in the deed fraudulently, or by mutual mistake of the parties, and claims that, by the agreement of the parties, the deed was intended to be, and should have been, a simple quitclaim deed, without any covenants of warranty, and asks that the deed be reformed so as to express the true contract between the parties, and declared to be, in fact and in law, but a quitclaim deed. This would clearly present an equitable issue, which, if tried and determined in favor of the defendant, left the plaintiff with-

out any basis for recovery; left the plaintiff with a deed without covenants of warranty. Therefore, this equitable issue might well be tried first, because, upon the trial and disposition of this equitable answer or cross-petition, the plaintiff was left without any basis for his claim, and without any legal issue for trial. The converse of this is true in the instant case.

In the case at bar, the plaintiff had commenced his case by ordinary proceedings. Defendant appeared and tendered issue, filing a counterclaim on the law side of the calendar,

2. TRIAL: proper calendar: unwarranted transfer to and trial in equity: effect.

asking affirmative relief against the plaintiff, based upon the negligence of the plaintiff as cashier. If the matter stood here, there was an issue on the law side, triable at law, involving nothing of equitable cognizance. Defendant, however, filed a cross-petition. The cross-petition alleged matters of equitable cognizance that in no way involved the issue on the law side, and a determination of which in no way disposed of the law issues. The issues were clearly separable. We think the court erred, therefore, in ordering the entire case to be tried in equity, thus denying the plaintiff the right to a trial by jury upon the issues upon the law side—an issue, which, if found in plaintiff's favor, rendered wholly unnecessary any investigation of the additional matters alleged in the cross-petition, on which defendant predicated its right to equitable relief. We think the plaintiff was entitled to be heard upon the law side to a jury upon the question involved in the counterclaim, and the court had no right to transfer this issue to the equity side, and to try it without a jury. This is decisive of this appeal. We do not enter into a discussion of matters that occurred upon that trial. · This trial was abortive. The cause is therefore—
*Reversed.*

EVANS, C. J., DEEMER, LADD, WEAVER and PRESTON, JJ., concur.